UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

         *Plaintiff*,

v.

KATHERINE MOTT, ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC; CRESCENT BEACH AT THE LAKE LLC; and MOTT MANAGEMENT LLC;

         *Defendants.*

CASE NO. 6:24-cv-06153-FPG

CIVIL ACTION

## CIVIL RICO CASE STATEMENT

Plaintiff Five Start Bank ("Plaintiff") submits the following Civil RICO Case Statement pursuant to Rule 9 of the WDNY Local Rules of Civil Procedure:

(a)   State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

**The alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a).**

(b)   List each defendant and state the alleged misconduct and basis of liability of each defendant.

- **KATHERINE MOTT – Engaged in a check kiting scheme utilizing Five Star Bank and other financial institutions, including Kinecta Federal Credit Union, beginning sometime in or around December 2022.**

- **ROBERT HARRIS - Engaged in a check kiting scheme utilizing Five Star Bank and other financial institutions, including Kinecta Federal Credit Union, beginning sometime in or around December 2022.**

- **KRM EVENTS, LLC** – Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **KATHERINE'S ON MONROE, LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **THE DIVINITY ESTATE AND CHAPEL, LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **11 WEXFORD GLEN, LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **RCC MONROES LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **NAF REMODELING LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **MONROES AT RIDGEMONT LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **CRESCENT BEACH AT THE LAKE LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

- **MOTT MANAGEMENT LLC**– Entity utilized by Defendants Mott and Harris as part of their check kiting scheme.

(c)  List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

- **Roger Mott – Upon information and belief, Roger Mott, the father of Defendant Mott, participated and assisted in the check kiting scheme by depositing checks to/from the operative bank accounts.**

(d) List the alleged victims and state how each victim was allegedly injured.

- **Five Star Bank has been damaged in the amount of $18,979,005.79.**

(e) Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

(1) List the alleged predicate acts and the specific statutes which were allegedly violated;

- **Defendants engaged in an elaborate check kiting scheme in violation of 18 U.S.C. § 1344, which used a scheme or artifice to defraud a federally insured financial institution and resulted in a loss to the financial institution, and a gain to Defendants, of approximately $18.9 million.**

(2) Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

- **Numerous dates, including, at least, December 15, 2022, several dates in January 2023, February 21, 2023, May 18, 2023, September 7, 2023, January 4, 2024 - Defendant Mott, assisted by and acting in concert with the other Defendants, began and continued a pattern and practice of rapidly moving funds between Five Star Bank and other financial institutions by check transfer to create the false perception that funds were available when they were not.**

- **February 22, 2024 – Defendant Mott deposited 42 checks drawn on Five Star at Kinecta Federal Credit Union totaling $20,922,000. This transaction was processed at Kinecta Federal Credit Union on February 22, 2024 and the funds were pulled from Five Star via the Federal Reserve check-clearing process on February 23, 2024.**

- **February 23, 2024 - Defendant Mott deposited 21 checks drawn on Kinecta Federal Credit Union at Five Star totaling $20,907,000. These funds were made available to Defendant Mott that evening during the end of day processing and were ultimately drawn on to fund the 42 check deposits at Kinecta Federal Credit Union made on February 22, 2024.**

- **February 26, 2024 – Defendant Mott deposited 21 checks drawn on Kinecta Federal Credit Union at Five Star totaling $20,907,000.**

- **February 28, 2024 – The 21 checks deposited by Defendant Mott were charged back by Kinecta Federal Credit Union. Because a second round of checks were deposited by Defendant Mott on February 26, 2024, the chargebacks by Kinecta Federal Credit Union did not result in a negative balance to Five Star.**

- **February 29, 2024 – Defendant Mott deposited 21 checks drawn on Kinecta Federal Credit Union at Five Star totaling $20,907,000 on the morning of February 29, 2024. Five Star was made aware of the chargebacks in the early afternoon and moved to restrict all accounts associated with Defendants. That evening, the 21 checks deposited on February 26, 2024 were charged back by Kinecta Federal Credit Union. Because a third round of checks were deposited**

**earlier in the day, the chargebacks did not result in a negative balance to Five Star.**

- **March 5, 2024 – The 21 checks deposited on February 29, 2024 were charged back by Kinecta Federal Credit Union. Because no additional deposits had been made, these charge backs resulted in significant negative balances on the impacted accounts (approximately $20.7 million).**

(3) If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake" shall be stated "with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

(4) State whether there has been a criminal conviction for violation of each predicate act;

- **At this time there has been no criminal conviction.**

(5) State whether civil litigation has resulted in a judgment in regard to each predicate act;

- **There have not been any judgments rendered with regard to any of the predicate acts; although there is a pending motion for a receiver that has been filed by Plaintiff.**

(6) Describe how the predicate acts form a "pattern of racketeering activity"; and

- **The predicate acts set forth in paragraph (e)(2) above form a "pattern of racketeering activity" because they furthered the goals of, and provided unauthorized benefits to, Defendants' various business enterprises. Moreover,**

> **the various predicate acts all had the same or similar purposes, results, participants, victims, and methods of commission, and were part of the Defendants' enterprises' regular way of conducting business. Finally, the acts would not have stopped but for the filing of this lawsuit.**

(7) State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

- **Yes, the predicate acts identified in paragraph (e)(2) above all directly relate to each other as part of a common plan. Defendant Mott carefully planned this elaborate check kiting scheme, which began, at the latest, in December 2022. Defendant Mott continued her rapid movement of funds and check kiting as part of her enterprises' regular way of doing business. And, she had engaged in similar conduct with other banking institutions before opening the accounts at Five Star Bank.**

(f) Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

(1) State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

- **KATHERINE MOTT**
- **ROBERT HARRIS**
- **KRM EVENTS, LLC**
- **KATHERINE'S ON MONROE, LLC**
- **THE DIVINITY ESTATE AND CHAPEL, LLC**
- **KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES**

- **11 WEXFORD GLEN, LLC**
- **RCC MONROES LLC**
- **NAF REMODELING LLC**
- **MONROES AT RIDGEMONT LLC**
- **CRESCENT BEACH AT THE LAKE LLC**
- **MOTT MANAGEMENT LLC**

(2) Describe the structure, purpose, function and course of conduct of the enterprise;

- **The purported purpose of the enterprise appears to be a group of entities with similar ownership and management engaged in operating various restaurant, catering, and hospitality businesses. All entities are owned by Defendant Katherine Mott and/or her husband Robert Harris. Defendant Katherine Mott is the manager of all entities. However, the illicit purpose of the enterprise was to provide a construct for Defendants to create artifices to defraud various federally insured banking institutions, including Five Star Bank. By appearing to operate legitimate businesses, Defendants were able to open numerous banking accounts, which they then used to "kite checks" to the ultimate damage to Five Star Bank.**

(3) State whether any defendants are employees, officers or directors of the alleged enterprise;

- **Upon information and belief, Defendant Katherine Mott owns, manages, operates and/or controls the following Entity Defendants:**
    - **KRM EVENTS, LLC**
    - **KATHERINE'S ON MONROE, LLC**

27971225.1                                              7

- o **THE DIVINITY ESTATE AND CHAPEL, LLC**
- o **KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES**
- o **11 WEXFORD GLEN, LLC**
- o **RCC MONROES LLC**
- o **NAF REMODELING LLC**
- o **MONROES AT RIDGEMONT LLC**
- o **CRESCENT BEACH AT THE LAKE LLC**
- o **MOTT MANAGEMENT LLC**

(4) State whether any defendants are associated with the alleged enterprise;

- **All Defendants are associated and engaged in the alleged enterprise.**

(5) State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and (6) If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

- **Defendants Mott and Harris are members of the enterprise, as they are the perpetrators of the racketeering activity, and they used the Defendant Entities as instrumentalities of their fraud.**

(g) State and describe in detail whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

- **Upon information and belief, the pattern of racketeering activity and the enterprise(s) are separate.**

27971225.1                                                       8

(h)  Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

**The activities of the enterprise, including restaurant, catering, dining services, wedding venues, and home renovation companies, were operated by Defendant Mott to create the appearance of daily activities consistent with those lines of business. Yet, Defendant Mott used that appearance of appropriate lines of business to cloak the fraudulent check kiting scheme for her and Defendant Harris' personal benefit.**

(i)  Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

- **By way of the Defendants' check kiting scheme, the enterprise(s) have effectively received unauthorized lines of credit, and have stolen millions of dollars from Plaintiff.**

(j)  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

- **As part of the Defendants' check kiting scheme, Defendants were check kiting between several financial institutions, including Plaintiff Five Star Bank, based in New York, and Kinecta Federal Credit Union, based in California. In addition, each time one of the Defendants' fraudulent checks were deposited with Plaintiff Five Star, the check was sent to the check-collection services of the Federal Reserve before eventually being debited from the other financial institution from which the check was written.**

(k)  If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

- (1) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

  - **Upon information and belief, Defendant Mott, Defendant Harris and the Entity Defendants all received income derived from the pattern of racketeering activity.**

- (2) Describe the use of investment of such income.

  - **The Defendants' use of investment of the illegal income derived from the racketeering activity is unknown at this time, as Plaintiff's investigation continues.**

(l) If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

(m) If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

- (1) State who is employed or associated with the enterprise; and
- (2) State whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

(n) If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

(o) Describe the alleged injury to business or property.

  - **Plaintiff has suffered monetary damages in the amount of $18,979,005.79.**

(p) Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

- **There is a direct causal relationship between the monetary loss suffering by Five Star and Defendants' violation of the RICO statute.**

(q)  List the damages sustained for which each defendant is allegedly liable.

- **$18,979,005.79.**

(r)  List all other federal causes of action, if any, and provide the relevant statute numbers.

(s)  List all pendent state claims, if any.

- **Fraud**
- **Breach of Contract**
- **Collection of Debt**
- **Indemnification**

(t)  Provide any additional information that would be helpful to the Court in processing your RICO claim.

Dated:  March 29, 2024

BARCLAY DAMON LLP

By: _____
David G. Burch, Jr.
Benjamin Zakarin
Sarah A. O'Brien

*Attorneys for Plaintiffs*
Office and Post Office Address
125 East Jefferson Street
Syracuse, New York 13202-2078
Telephone (315) 425-2716
dburch@barclaydamon.com
bzakarin@barclaydamon.com
sobrien@barclaydamon.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 29, 2024, I served the foregoing document on all counsel of record via the Court's ECF system.

                                    */s/ David Burch, Jr.*
                                    David G. Burch, Jr.