### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIVE STAR BANK,<br><br>*Plaintiff*,<br><br>v.<br><br>KATHERINE MOTT, ROBERT HARRIS;<br>KRM EVENTS, LLC; KATHERINE'S ON<br>MONROE, LLC; THE DIVINITY ESTATE<br>AND CHAPEL, LLC; KNC ELEGANCE,<br>LLC d/b/a THE WINTERGARDEN BY<br>MONROES; 11 WEXFORD GLEN, LLC;<br>RCC MONROES LLC; NAF REMODELING<br>LLC; MONROES AT RIDGEMONT LLC;<br>CRESCENT BEACH AT THE LAKE LLC;<br>and MOTT MANAGEMENT LLC;<br><br>*Defendants*. | CASE NO. 6:24-cv-6153<br><br>CIVIL ACTION<br><br>**DECLARATION IN SUPPORT OF<br>MOTION FOR EXPEDITED<br>DISCOVERY** |

David G. Burch, Jr., Esq., declares as follows under the penalty of perjury:

1.      I am an attorney-at-law duly licensed to practice in the State of new York and am a partner in the law firm of Barclay Damon LLP, counsel to Plaintiff Five Star Bank ("Plaintiff" or "Five Star").  As such, I am fully familiar with the matters set forth herein.

2.      I submit this declaration in support of Plaintiff's motion, pursuant to Rule 7 of the Local Rules of Civil Procedure for the Western District of New York and Rule 26(d) of the Federal Rules of Civil Procedure, for leave to serve limited expedited discovery seeking information directly relevant to Plaintiff's claims and its motion for the appointment of a receiver to manage the operations and financial affairs of the entities named as Defendants in this litigation.

3.      Details concerning and support for the basis of this motion are set forth in the submissions made in connection therewith, to wit, Plaintiff's Motion, Memorandum of Law in Support, and this Declaration with attached exhibit.  Moreover, further supporting information is set forth in Plaintiff's Complaint (ECF No. 1), the prior motion submissions seeking the appointment of a receiver (ECF No. 3 through 3-5), and prior motion submissions to expedite a

hearing on the receivership motion (ECF No. 2, 2-1).

4.      For the reasons detailed in the accompanying Memorandum of Law, discovery is urgently and presently needed on Defendants' financial accounts and transactions, particularly because of the increasing likelihood that they will attempt to conceal or divert assets in light of Plaintiff's initiation of this litigation on March 11, 2024.

5.      Indeed, expedited discovery is necessary due to the continued failure of Defendants to voluntarily provide information to confirm to where the $18.9 million proceeds from the check-kiting scheme were diverted and the current uses of those funds.  Account information for the accounts to which funds were directed is necessary for Plaintiff to complete a full accounting and to prevent Defendants from concealing, dissipating, or diverting assets or revenues. Defendants' conduct and present refusal to acknowledge responsibility for their liabilities further support expediting the Court's consideration of the underlying motion.

6.      The non-party subpoenas Plaintiff seeks leave to serve are limited in number, narrowly-tailored in scope, and will not create a substantial burden for the recipient financial institutions. Attached as **Exhibit A** are copies of the proposed subpoenas.

7.      At this time, Plaintiff proposes to serve subpoenas on six (6) financial institutions on an expedited basis: Community Bank, Wells Fargo, Kinecta Federal Credit Union, Summit Federal Credit Union, Evans Bank and Canandaigua Bank and Trust. Each of these financial institutions are known to either previously or currently hold accounts in the name of one or more of the Defendants based on information provided by the Defendants themselves.

8.      The proposed subpoenas only seek account statements for the very narrow time period of July 1, 2023 through the present (except that the proposed subpoena to Evans Bank seeks statements from January 1, 2022 through December 2022 since Evans Bank closed Defendants'

2

account sometime in 2022). These account statements are absolutely necessary for Plaintiff's ongoing investigation into Defendants' misconduct and the disposition of the nearly $19 million wrongfully obtained from, and presently owed to, Plaintiff.

      **WHEREFORE**, your declarant respectfully requests that the Court grants this motion as soon as practicable, that the Court authorizes service of subpoenas substantially in the form of the proposed subpoenas submitted herewith, and grant such other and further relief as the Court deems just and proper.

      **DATED:**      April 3, 2024

                                **DAVID G. BURCH, JR.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 3, 2024, I served the foregoing document on all counsel of record via the Court's ECF system.


<u>*/s/ David Burch, Jr.*</u>
David G. Burch, Jr.

27949932.1

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | )  |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | )  Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS & INSTRUCTIONS

1.     "Canandaigua Bank" shall mean Canandaigua Bank and Trust and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.     "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

3.     "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

4.     "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.     In responding to this Request, Canandaigua Bank is requested to state which documents it will produce for inspection and copying.  If Canandaigua Bank objects to a request

for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.      If Canandaigua Bank claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.      The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.      The relevant time period for the Requests is July 1, 2023 to the present.

## DOCUMENTS TO BE PRODUCED

1.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.      All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS & INSTRUCTIONS

1.      "Evans Bank" shall mean Evans Bancorp, Inc. and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.      "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

3.      "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

4.      "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.      In responding to this Request, Evans Bank is requested to state which documents it will produce for inspection and copying.  If Evans Bank objects to a request for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.      If Evans Bank claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.      The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.      The relevant time period for the Requests is January 1, 2022 through December 31, 2022.

## DOCUMENTS TO BE PRODUCED

1.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.      All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | | |
|---|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**<u>SCHEDULE A</u>**

**DEFINITIONS & INSTRUCTIONS**

1.      "Summit FCU" shall mean Summit Federal Credit Union and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.      "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

3.      "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153.*

4.      "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.      In responding to this Request, Summit FCU is requested to state which documents it will produce for inspection and copying.  If Summit FCU objects to a request for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.      If Summit FCU claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.      The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.      The relevant time period for the Requests is July 1, 2023 to the present.

## DOCUMENTS TO BE PRODUCED

1.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.      All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____
### *(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS & INSTRUCTIONS

1.      "Kinecta FCU" shall mean Kinecta Federal Credit Union and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.      "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

3.      "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

4.      "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.      In responding to this Request, Kinecta FCU is requested to state which documents it will produce for inspection and copying.  If Kinecta FCU objects to a request for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.     If Kinecta FCU claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.     The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.     The relevant time period for the Requests is July 1, 2023 to the present.

## DOCUMENTS TO BE PRODUCED

1.     All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.     All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.     All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.     Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.     Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.     Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

v.

Civil Action No. 

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
|  | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

## DEFINITIONS & INSTRUCTIONS

1.      "Community Bank" shall mean New York Community Bancorp, Inc. d/b/a Community Bank and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.      "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

3.      "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

4.      "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.      In responding to this Request, Community Bank is requested to state which documents it will produce for inspection and copying.  If Community Bank objects to a request

for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.      If Community Bank claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.      The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.      The relevant time period for the Requests is July 1, 2023 to the present.

## DOCUMENTS TO BE PRODUCED

1.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.      All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS & INSTRUCTIONS

1.      "Wells Fargo" shall mean Wells Fargo & Company and all persons or entities acting or who have acted on its behalf, or who are or have been subject to its direction or control.

2.      "Defendant Mott" shall mean Katherine Mott, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

3.      "Defendant Harris" shall mean Robert Harris, one of the named defendants in the Federal Court Action pending in the Western District of New York captioned *Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153*.

4.      "Defendant Entities" shall mean the following named defendants in the Federal Court Action pending in the Western District of New York captioned Five Star Bank v. Katherine Mott et. al, 6:24-cv-6153: KRM Events, LLC; Katherine's on Monroe, LLC; the Divinity Estate and Chapel, LLC; KNC Elegance, LLC d/b/a The Wintergarden by Monroes; 11 Wexford Glen, LLC; RCC Monroes LLC; NAF Remodeling LLC; Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC; and Mott Management LLC, and each of its predecessors and successors-in-interest; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under the entity's control.

5.      In responding to this Request, Wells Fargo is requested to state which documents it will produce for inspection and copying.  If Wells Fargo objects to a request for production, it is requested to state the precise grounds upon which its objection rests. All documents are to be produced in or with their original file folders, file jackets, envelopes, or covers.

6.      If Wells Fargo claims that any document requested herein is privileged, constitutes attorney's work product, or is withheld on any other ground, "describe the nature of the documents, communications or tangible things not produced or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Federal Rule of Civil Procedure 26.

7.      The use of the singular in this Request includes the plural, and the use of the plural includes the singular.  The use of the word "and" in this Request includes the word "or," and the use of the word "or" in this Request includes the word "and."

8.      The relevant time period for the Requests is July 1, 2023 to the present.

## DOCUMENTS TO BE PRODUCED

1.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Mott.

2.      All account statements and cancelled checks for accounts held in the name or for the benefit of Defendant Harris.

3.      All account statements and cancelled checks for accounts held in the name or for the benefit of the Entity Defendants.

4.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Mott.

5.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of Defendant Harris.

6.      Documents sufficient to identify each authorized signatory on all accounts  held in the name or for the benefit of the Entity Defendants.