UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

—*vs*—

KATHERINE MOTT, *et al*

*Defendants.*

24-CV-06153-FPG

ROBERT HARRIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Defendant Robert Harris ("Harris") submits this response in opposition to plaintiff's motion to expedite discovery (ECF No. 34).

The plaintiff, Five Star Bank, has sued ten business entities, and two individuals—one of whom is Harris—for losses it claims it sustained because of conduct of Katherine Mott between February 23, 2024, and March 11, 2024 (the date on which it filed its complaint (ECF No. 1, ¶ 30).

This case has been pending for thirty-eight days.  During these thirty-eight days, the plaintiff has made statements and allegations in its complaint (ECF No. 1), its motion to appoint a receiver (ECF Doc. Nos. 2 and 3), its reply to defendants' response to the motion to appoint a receiver (ECF Doc. No. 31), its RICO statement (ECF Doc. No. 32), and in this motion to expedite discovery (ECF Doc. No. 34).

Nowhere in any of these documents is there a single allegation of specific conduct by Harris to support the conclusion that he was engaged in a check kiting scheme or any other unlawful or improper conduct.

Perhaps more importantly, as it relates to plaintiff's current motion, plaintiff has not made any allegation that a single dollar derived from the alleged check kiting scheme made its way into any of Robert Harris's personal bank accounts.

The only allegations against Mr. Harris in any document submitted by the plaintiff are conclusory allegations unsupported by any form of particularization or specificity.

In the complaint, Mr. Harris is mentioned a grand total of four times, the sum and substance of which are: (1) he lives in Rochester, New York (ECF No. 1, ¶ 7); (2) he has an interest in or is associated one of the ten entity defendants (ECF No. 1, ¶ 8); (3) was involved in opening a business banking account for KRM Events, LLC in November 2022 and he is one of two people identified as an authorized signatory on this account (ECF No. 1, ¶ 24); and (4) without detail, attribution, or specificity, has been involved in the opening of "numerous other accounts in the name of Defendants" (ECF No. 1, ¶ 29). It is particularly notable regarding this last allegation that plaintiff does not identify any of these "numerous other accounts"; nor

does the plaintiff identify the basis for its supposed knowledge that Mr. Harris was, in fact, involved in opening these other accounts.

In its RICO statement, plaintiff claims—in conclusory fashion—that Harris "[e]ngaged in a check kiting scheme utilizing Five Star Bank and other financial institutions, including Kinecta Federal Credit Union, beginning sometime in or around December 2022" (ECF Doc. No. 32, p. 1, ¶ b).  Again, it is important in the context of the instant motion that plaintiff does not state which "other financial institutions" Harris is alleged to have "utilized" to promote this "check kiting scheme."  As it relates to Harris, the balance of plaintiff's RICO  statement consists of conclusory statements about Harris's alleged involvement in unlawful conduct without any particularity or specificity (*e.g.*, allegations that the entity defendants were "utilized by Defendants Mott and Harris as part of their check kiting scheme" [ECF Doc. No. 32, p. 2], that Mott was "assisted by and acting in concert with the other Defendants…" [ECF Doc. No. 32, p. 3, ¶ (e) (2)].

Also in its RICO statement, the plaintiff claims "[u]pon information and belief" that Harris "received income" from the check kiting scheme (ECF Doc. No. 32, p. 10, ¶ (k) (2)).  Plaintiff does not state the basis for its information and belief that Harris derived income from the alleged unlawful conduct.

We think the reason that the plaintiff has not made any particularized allegations of specific unlawful conduct against Harris is because there is no evidence that he engaged in any such conduct.

In other words, Robert Harris is a defendant in this case because he is married to Katherine Mott and his name is on one of her businesses and that entity's bank account.

Accordingly, the conclusion that proceeds of the alleged unlawful conduct might be in Robert Harris personal bank accounts is rank speculation.

The Court should not—at least at this time and stage of the proceedings—permit plaintiff to have such access to Mr. Harris's personal financial information without at least some factual basis for concluding that these records will contain the information the plaintiff is seeking.

This is especially so because—for the reasons set forth above and in our response in opposition to the plaintiff's motion for appointment of a receiver over the entity defendants (ECF Doc. No. 26)—we believe the case against Mr. Harris will not survive a Rule 12 motion to dismiss.

<u>CONCLUSION</u>

Accordingly, defendant Robert Harris respectfully requests that the Court deny plaintiff's motion for expedited discovery, and that the Court grant such other relief as may be just and proper.

DATED:  April 17, 2024

*s/Matthew R. Lembke*

_____

Matthew R. Lembke
CERULLI MASSARE & LEMBKE
*Attorney for Robert Harris*
45 Exchange Blvd., Suite 925
Rochester, NY 14614
Telephone: [585] 454-3323
matt.lembke@cmllawfirm.com