UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FIVE STAR BANK

                        *Plaintiff*,

v.

KATHERINE MOTT; ROBERT HARRIS;
KRM EVENTS, LLC; KATHERINE'S ON MONROE,
LLC; THE DIVINITY ESTATE AND CHAPEL, LLC;
KNC ELEGANCE, LLC d/b/a
THE WINTERGARDEN BY MONROES; 11
WEXFORD GLEN, LLC; RCC MONROES LLC; NAF
REMODELING LLC; MONROES AT RIDGEMONT
LLC; CRESCENT BEACH AT THE LAKE LLC; and
MOTT MANAGEMENT LLC

                        *Defendants*.
_____

Case # 6:24-CV-6153-FPG

DECISION AND ORDER

Presently before this Court is Plaintiff's motion for expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). ECF No. 34. For the following reasons, Plaintiff's motion is DENIED.

Plaintiff seeks to issue expedited subpoenas to six nonparty financial institutions pursuant to Federal Rule of Civil Procedure 45. Plaintiff's stated goal is to obtain account statements for accounts held in the names of the various Defendants at these institutions. ECF No. 34-1 ¶ 8. Under Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

"Courts in this circuit have weighed requests for expedited discovery of this nature by applying a variety of reasonableness-based tests which examine and compare the need for expedited discovery, the privacy expectations of the defendants, the breadth of the discovery sought in terms of inconvenience to the third party to be subpoenaed, the potential injury to the plaintiffs if such discovery is denied, the plaintiffs' interests in pursuing cognizable claims, and the interests of justice." *Catlin v. Glob.*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014) (citing *North Atlantic Operating Company, Inc. v. Evergreen Distributors, LLC*,

293 F.R.D. 363, 367 (E.D.N.Y. 2013). The burden rests with the party seeking the discovery to prove that the requests are reasonable under the circumstances. *See North Atlantic Operating Company, Inc.*, 293 F.R.D. at 367.

Defendants object to Plaintiff's motion arguing that the appointment of the receiver remedies Plaintiff's concerns. The Court agrees. Plaintiff filed its motion to expedite discovery on April 3, 2024, in connection with its prior motion to appoint a receiver and explained that it was "seeking information directly relevant to Plaintiff's claims and *its motion for the appointment of a receiver.*" ECF No. 34-1 ¶ 2 (emphasis added). However, on April 4, 2024, the Court granted Plaintiff's motion to appoint a receiver removing its need for discovery to support that motion. *See* ECF Nos. 36, 39.

Nevertheless, Plaintiff insists that it needs discovery because of "the lack of any explanation from Defendants as to the pattern of transactions that caused $18.9 million to go missing." ECF No. 46 at 2. As an initial matter, this concern was specifically addressed by the appointment of the receiver. *See* ECF No. 36 at 17 (explaining that the Court appointed the receiver "to protect Plaintiff's interest in the $18 million that may be hiding somewhere among the accounts of the various Entity Defendants."); *see also id.* at 12 (explaining that the receiver is appointed to trace the missing money). Moreover, at this stage, the "lack of any explanation from Defendants" does not raise any extraordinary need for discovery because Defendants still have time to formally answer or respond to Plaintiff's complaint. *See* ECF No. 33 (granting a motion to extend the time for Defendants to respond to the complaint to May 13, 2024). Therefore, Plaintiff has not met its burden of proving that its requests are reasonable under the circumstances. Accordingly, Plaintiff's motion for expedited discovery is DENIED.

IT IS SO ORDERED.
Dated: May 1, 2024
Rochester, New York

                                       _____
                                       HON. FRANK P. GERACI, JR.
                                       United States District Court
                                       Western District of New York