UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FIVE STAR BANK,

                                            Plaintiff,

   -vs-

KATHERINE MOTT, ROBERT HARRIS,
KRM EVENTS LLC, KATHERINE'S ON
MONROE LLC, THE DIVINITY ESTATE
AND CHAPEL LLC, KNC ELEGANCE LLC
d/b/a THE WINTERGARDEN BY
MONROES, 11 WEXFORD GLEN LLC, RCC
MONROES LLC, NAF REMODELING, LLC,
MONROES AT RIDGEMONT LLC,
CRESCENT BEACH AT THE LAKE LLC,
MOTT MANAGEMENT LLC,

                                            Defendants.

No. 24-cv-6153-FPG

---

# DECLARATION IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO COMPLY WITH THE ORDER'S ORDER AND TO TURNOVER ASSETS TO THE RECEIVER

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the following is true and correct.

1. I am a principal in the firm of Rothenberg Law, counsel for Defendants Katherine Mott and the Defendant Entities.[1]

2. I submit this declaration in support of the defendants' motion to compel plaintiff Five Star Bank to comply with the Court's *Order Appointing Receiver Over the Defendant*

---

[1] The term "Defendant Entities" collectively refers to: The KRM Events LLC, Katherine's on Monroe LLC, The Divinity Estate and Chapel LLC, KNC Elegance LLC d/b/a The Wintergarden By Monroes, 11 Wexford Glen LLC, RCC Monroes LLC, NAF Remodeling, LLC, Monroes at Ridgemont LLC, Crescent Beach At the Lake LLC, and Mott Management LLC.

*Entities*, ECF No. 39, and to turnover to the Receiver $284,147.09 of assets that the Receiver has determined belong to the Defendant Entities, so that those funds can be used by the Receiver for continued operations, including for payment of delinquent payroll taxes.

**Introduction**

3. A critical issue resulting from the Receiver's performance of his duties concerns plaintiff Five Star Bank's unjustified refusal to return to the Receiver $284,147.09 of revenue earned by the Defendant Entities *after* March 8, 2024, and to which Five Star Bank has no right but nevertheless received – extrajudicially – from Community Bank N.A. on March 28, 2024.

4. Consistent with the authority conferred on the Receiver by this Court, the Receiver determined that at least $284,147.09 currently in Five Star Bank's possession are funds that belong to the Defendant Entities because the money constitutes income derived from the Defendant Entities' operations after March 8, 2024. *See* Declaration of Mark R. Kercher ("Receiver's Declaration"), filed herewith, ¶ 4.

5. In addition, the Receiver has determined, consistent with his responsibilities, that he needs these funds to pay the businesses' operating expenses, one of which is to pay delinquent payroll taxes currently totaling $203,340. *See* Receiver's Declaration, ¶¶ 7-9.

6. And as it concerns those delinquent payroll taxes, it is important to note that such expenses would have been paid by the Defendant Entities out of the funds in one of the Community Bank accounts but for Community Bank's restrictions on those accounts and eventual sending of the money to plaintiff Five Star Bank.

7. Five Star Bank has previously represented to the Court that it "does not seek to shut down or dispose of Defendants' businesses, since the prospect of Plaintiff being made whole likely depends on the Defendant Entities' continued operation as viable businesses." ECF No. 31-

2, at 7. The fact that the Bank knows the Receiver needs this money for continued operations but still refuses to return it makes it appear that the Bank's conduct is at odds with its previous representations to the Court. It now appears that the Bank has no interest in ensuring continued operation of the Defendant Entities' businesses.

8. Accordingly, the Defendant Entities request, with support of the Receiver, that the Court compel plaintiff Five Star Bank to cooperate with the Receiver and immediately return $284,147.09 of the Defendant Entities' funds to him.

**Procedural and Factual Background**

9. On March 8, 2024, just days before this lawsuit was commenced, Community Bank N.A. – presently a non-party to this action – restricted the Defendant Entities' accounts with balances totaling more than $360,000.

10. Also on or about March 8, 2024, Five Star Bank closed defendants' accounts.

11. Over 20 days, from March 8 to March 28, 2024, at least $284,147.09 was deposited into the Community Bank accounts, which was generated by the Defendant Entities' operations, including direct deposits of credit card sales and deposits pursuant to event agreements. *See* Receiver's Declaration ¶ 4.

12. Plaintiff Five Star Bank commenced this lawsuit on March, 11, 2024, ECF No. 1, and simultaneously moved for the appointment of a receiver. ECF Nos. 2, 3.

13. On March 28, 2024, despite the pendency of this lawsuit and plaintiff's motion for appointment of a receiver, Community Bank extrajudicially sent Five Star Bank all of the money that was on deposit in the Defendant Entities' accounts, totaling $603,628. *See* Receiver's Declaration ¶ 5. The banks somehow coordinated this transfer of the Defendant Entities' money despite the lack of any judgment or court order authorizing the transfer of funds.

14. Importantly, the restrictions that Community Bank placed on defendants' accounts on March 8 prevented the Defendant Entities from using any of the funds in those accounts –the more than $360,000 on deposit before March 8 and the at least $284,147.09 deposited after March 8 – to pay any operating expenses, including payroll taxes.

15. This resulted in delinquent payroll taxes that presently amount to $203,340. *See* Receiver's Declaration, ¶ 8.

16. On April 4, 2024, the Court granted plaintiff's motion for the appointment of a receiver. ECF No. 36.

17. On April 8, 2024, the Court appointed Mr. Mark R. Kercher, CPA, as Receiver. *See* ECF No. 39 (*Order Appointing Receiver Over the Defendant Entities*). In that Order, the Court held that the Receiver would have "exclusive dominion and control over all of the financial affairs, including all cash, assets, books and records of the Entity Defendants." ECF No. 39 ¶ 1.

18. Among other responsibilities, the Court gave the Receiver authority "to make payments and disbursements, in the ordinary course of business, as may be needed and proper for the continued operation of the Defendant Entities' businesses." *id*. ¶ 4, and specifically held that the Receiver "is obligated to protect and preserve the Entity Defendants' assets and future revenue streams." *Id*. ¶ 5.

19. As part of the performance of his Court-authorized duties, the Receiver has determined that the $284,147.09 of money generated by the Defendant Entities after March 8, 2024, which was deposited into the Community Bank accounts, is money that belongs to the Defendant Entities. *See* Receiver's Declaration ¶ 4.

20. For well over two weeks now, the Receiver has attempted to convince Five Star Bank to cooperate with him and return the money so that he can use it in connection with the Defendant Entities' operations. *See* Receiver's Declaration ¶¶ 10, 11.

21. Said differently, the Receiver needs the $284,147.09 that belongs to the Defendant Entities in connection with his performance of the duties outlined in paragraphs 4 and 5 of the Court's Appointing Order, ECF No. 39 ¶¶ 4, 5, and the Receiver believes that without a return of this money he will be unable to pay all operating expenses. *See* Receiver's Declaration ¶ 9.

22. However, Five Star Bank has refused to return the money to the Receiver. Instead of cooperating with the very Receiver the Bank requested, the Bank is now frustrating the Receiver's performance of his duties.

23. Moreover, despite correspondence from the Receiver, Five Star Bank has never offered any explanation for its actions. The Bank has never denied that these funds came from customer transactions after March 8, 2024, when Five Star Bank closed defendants' accounts.

24. Nor has Five Star Bank offered any legal justification for keeping these funds.

25. In addition to thwarting the Receiver's ability to do his job, Five Star Bank is even using its custody over the money as leverage in an attempt to secure releases from the Defendant Entities, not only for itself, but for Community Bank as well.

26. Although the Bank appeared, at first, willing to return the money to the Receiver, the proposed stipulation provided by the Bank included an objectionable condition that, in return for the $284,147.09, the Defendant Entities would have to release and discharge claims to other funds, including the remainder of the $603,628 that Community Bank sent to Five Star Bank on March 28, 2024: "Nothing in this Stipulation shall apply to or otherwise affect any other funds provided to Plaintiff from Community Bank or any other financial institution in connection with

this action and Defendants expressly release and forever discharge any claim to said funds." *See* Exhibit B to the Receiver's Declaration, (*Plaintiff's Proposed Stipulation* ¶ 5).

27. In short, Five Star Bank somehow convinced Community Bank to surreptitiously give it $603,628 from the Defendant Entities' accounts after this lawsuit was commenced, and without court order; and the Bank is now using a portion of that money ($284,147.09) in an effort to secure a release of the remainder (more than $319,000), all while exploiting the risk of collapse of the businesses as leverage.

28. Having represented that it did "not seek to shut down" the Defendant Entities' businesses, and after convincing the Court that a Receiver was necessary, the Bank should not be permitted to maintain custody and control of assets that the Receiver has (i) determined belong to him as Receiver, (ii) demanded from the Bank, and (iii) concluded are urgently needed to continue operations and pay expenses.

29. Ironically, it is now the Bank who refuses to cooperate with the very Receiver it sought, despite knowing that it is in possession of defendants' money to which it has no right.

WHEREFORE, defendant Katherine Mott and the Defendant Entities respectfully request that the Court enter an order compelling plaintiff Five Star Bank to comply with the Court's Order and turnover $284,147.09 to the Receiver, without strings attached, and grant such other relief as may be just and proper.

Executed on May 7, 2024
Rochester, NY

                                           *s/ David Rothenberg*
                                           David Rothenberg, Esq.

To:    David G. Burch, Jr., Esq.
Benjamin Zakarin, Esq.
Sarah A. O'Brien, Esq.
BARCLAY DAMON LLP
*Attorneys for Plaintiff*
125 East Jefferson Street
Syracuse, New York 13202-2078

Matthew R. Lembke, Esq.
CERULLI MASSARE & LEMBKE
*Attorney for Robert Harris*
45 Exchange Blvd., Suite 925
Rochester, NY 14614