UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FIVE STAR BANK,

                                Plaintiff,

  -vs-

KATHERINE MOTT, ROBERT HARRIS,         No. 24-cv-6153-FPG
KRM EVENTS LLC, KATHERINE'S ON
MONROE LLC, THE DIVINITY ESTATE
AND CHAPEL LLC, KNC ELEGANCE LLC
d/b/a THE WINTERGARDEN BY
MONROES, 11 WEXFORD GLEN LLC, RCC
MONROES LLC, NAF REMODELING, LLC,
MONROES AT RIDGEMONT LLC,
CRESCENT BEACH AT THE LAKE LLC,
MOTT MANAGEMENT LLC,

                                Defendants.
_____

# RECEIVER'S DECLARATION

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the following is true and correct.

1. The undersigned is the Receiver appointed by the Court in the above matter.

2. This Declaration is being filed in support of the Defendant Entities' motion to compel plaintiff Five Star Bank to turnover $284,147.09 to my control for use in the continued operations of the Defendant Entities' businesses.

3. As of March 8, 2024, the Defendant Entities had accounts at Community Bank N.A. with balances totaling more than approximately $360,000.

4. Subsequent to March 8, 2024, the amount of $284,147.09 was deposited into those same accounts identified as direct deposits of credit card and other receipts generated by the Defendant Entities' operations.

5. On or about March 28, 2024, Community Bank remitted all funds in the defendants' accounts, totaling $603,628, to Five Star Bank.

6. These funds included the credit card and other receipts from customers, in the normal course of business, and deposited after March 8, 2024.

7. The funds in the Community Bank accounts, which were remitted to Five Star Bank, are urgently needed for continued operation of the Defendant Entities' businesses.

8. These funds are urgently needed to pay a backlog of critical obligations, which include delinquent Federal, State, and unemployment payroll taxes amounting to $203,340.

9. Without the funds in Five Star Bank's possession, I will not be able to pay all of these obligations.

10. I have requested that Five Star Bank turn over to me as Receiver only those funds which had been deposited into the defendants' accounts at Community Bank after March 8, 2024.

11. On April 17, 2024, and in response to my demand for a return of the $284,147.09, counsel for plaintiff Five Star Bank emailed agreeing to release the funds subject to certain conditions. A copy of the April 8, 2024, email is attached hereto as **Exhibit A**.

12. Those conditions were acceptable to me, and to the defendants.

13. Subsequently, however, counsel for plaintiff Five Star Bank emailed a proposed stipulation that included additional conditions that were not included in the original proposal, and which Defendant Entities' counsel informed me are prejudicial to their clients' interests. A copy of the plaintiff's email and proposed stipulation are attached hereto as **Exhibit B**.

14. Defendant Entities' counsel made changes to the plaintiff's proposed stipulation, but to my knowledge have not received any response to those proposed changes. A copy of the defendants' email and redline of the proposed stipulation are attached hereto as **Exhibit C**.

15. To date, Five Star Bank has not been willing to remit the $284,147.09 to me without conditions which Defendant Entities counsel has informed me are prejudicial to their clients' interests.

Executed on May 7th, 2024

_____
Mark R. Kercher
Court Appointed Receiver