# Exhibit A



Rothenberg Law <admin@rothenberglawyers.com>

## RE: Return of Mott funds from Community Bank [IMAN-ACTIVE.FID3271470]

**Burch, Jr., David G.** <dburch@barclaydamon.com>   Thu, Apr 18, 2024 at 3:25 PM
To: Mark Kercher <mottreceiver@gmail.com>
Cc: "Ealy, David" <DEALY@trevettcristo.com>, "david@rothenberglawyers.com" <david@rothenberglawyers.com>, "michael@rothenberglawyers.com" <michael@rothenberglawyers.com>, "jfellows@bsk.com" <jfellows@bsk.com>, "Milbrand, James P." <JMilbrand@barclaydamon.com>

Mark,

Five Star Bank, reserving all rights and remedies, will release the $284,147.09 Defendants assert is attributable to credit card receipts on the following conditions:

1. Ms. Mott and the relevant entity defendants provide immediate authorization to Community Bank's counsel to release bank records sufficient to confirm these receipts are actual credit card receipts from third party customers. FSB will not rely on records created by Ms. Mott or her counsel that are not substantiated by actual Community Bank records that you as Receiver and we as FSB's counsel can review.  Note, FSB's position is that the order appointing you as Receiver already provides sufficient authority for Community Bank to release the records, but Ms. Mott and her counsel should be providing any assurances needed to Community Bank's counsel to cause the release of the records to confirm their assertions.
2. Release of these funds will only be to you as Receiver and must be deposited in an account to which only you have access.  They should not be provided directly or indirectly to defendants for any reasons.  For purposes of clarity, FSB requires confirmation that defendants or their relatives will not receive these funds in any way, including from payroll payments for "wages."
3. A stipulation signed by you as Receiver, counsel for defendants, and counsel for FSB confirming the following (a) point 2 above; (b) that the funds are being released to provide "working capital" based on your determination that such capital is needed to continue the business operations of defendant entities; (c) that FSB asserts a first priority lien on the funds, (d) that once there is an excess of funds being used as "working capital," a like amount ($284,147) will be segregated and maintained by you as Receiver; and (e) that FSB is reserving all rights and remedies and waiving none by agreeing to this accommodation.

Upon confirmation that these are acceptable to you and counsel for the relevant defendants, we will prepare the stipulation.

Thanks.

David

**David G. Burch, Jr.**

Pronouns: he/him/his
Partner

**BARCLAY DAMON** LLP

Barclay Damon Tower  •  125 East Jefferson Street • Syracuse, NY 13202
D: (315) 425-2788 • F: (315) 425-8588 • C: (315) 877-5186
E: dburch@barclaydamon.com

**www.barclaydamon.com**  •  **vCard**  •  **Profile**

---

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

---

**From:** Mark Kercher <mottreceiver@gmail.com>
**Sent:** Wednesday, April 17, 2024 8:40 AM
**To:** Burch, Jr., David G. <dburch@barclaydamon.com>
**Cc:** Ealy, David <DEALY@trevettcristo.com>; david@rothenberglawyers.com; michael@rothenberglawyers.com; jfellows@bsk.com
**Subject:** Return of Mott funds from Community Bank

David

As Receiver for the Mott group of companies, I am requesting your client, Five Star Bank, return certain funds received from Community Bank on or about March 28th, 2024. The funds requested aggregate $284,147.09 and represent deposits made into three Mott business accounts between March 8th and March 21st of this year. Such deposits are from customer credit card food and beverage payments and other customer payments for current or future events. These Community Bank deposits were credited to the accounts after the bank froze withdrawal activity. I have attached the detailed listing of credits and compared the

credits to the bank statement activity provided by the Defendant's attorney for the time period. I have also requested access to the comparable records maintained at Community Bank. Jonathan Fellows of Bond Schoeneck has acknowledged my request and I am awaiting that information.

The amount by business bank account are as follows:

--Ridgemont         $45,657.36

--Wintergarden      17,387.49

--Monroes           221,302.24

                    $284,147.09


It is my understanding the total amount transfered to Five Star from these three accounts aggregated  $354,800.


From my initial reading of the business and their current cash position, their continuation as a going concern is at significant risk absent these funds.The need is urgent.


Thank you for your consideration, should you have any questions, please do not hesitate to call.


Mark R. Kercher