# Exhibit C



Rothenberg Law <admin@rothenberglawyers.com>

## Re: Return of Mott funds from Community Bank [IMAN-ACTIVE.FID3271470]
1 message

---

**Michael Rothenberg** <michael@rothenberglawyers.com>  Fri, Apr 19, 2024 at 4:55 PM
To: "O'Brien, Sarah A." <sobrien@barclaydamon.com>
Cc: "mottreceiver@gmail.com" <mottreceiver@gmail.com>, "Milbrand, James P." <JMilbrand@barclaydamon.com>, "Burch, Jr., David G." <dburch@barclaydamon.com>, "dealy@trevettcristo.com" <dealy@trevettcristo.com>, "jfellows@bsk.com" <jfellows@bsk.com>, Rothenberg Law <david@rothenberglawyers.com>

Sarah,

While we appreciate the Bank's willingness to turnover certain identified funds traceable to the closeout of the Defendant Entities' accounts at Community Bank, to be utilized in the continued operation of the Defendant Entities' businesses, the Defendant Entities continue to assert a superior interest in all funds in the Community Bank accounts (the "Funds"), which we believe were unlawfully converted. We cannot therefore concede that your client holds a valid first priority lien in any part of the Funds or waive our clients' interest therein. We have no issue with the funds being segregated and used only for business purposes other than payment of wages to the individual defendants; which at this point should be the parties' only concern. Please see our attached edits in redline, which we believe offer a middle ground that will allow a portion of the Funds to be used for working capital for the benefit of all parties, while preserving the claims of all parties in and to the Funds.

Please advise if the proposed revisions are acceptable.

Michael Rothenberg

On Fri, Apr 19, 2024 at 12:37 PM O'Brien, Sarah A. <sobrien@barclaydamon.com> wrote:

> All – On behalf of Plaintiff Five Star Bank, attached please find a proposed stipulation outlining the terms of the release of the Community Bank funds. Please let us know if you have any comments and confirm that we have permission to /s/ for Mr. Rothenberg and Mr. Kercher.
>
>
> Thank you,
>
> Sarah
>
>
>
> **From:** Mark Kercher <mottreceiver@gmail.com>
> **Sent:** Thursday, April 18, 2024 7:16 PM
> **To:** Burch, Jr., David G. <dburch@barclaydamon.com>
> **Cc:** Ealy, David <DEALY@trevettcristo.com>; david@rothenberglawyers.com; michael@rothenberglawyers.com; jfellows@bsk.com; Milbrand, James P. <JMilbrand@barclaydamon.com>
> **Subject:** Re: Return of Mott funds from Community Bank [IMAN-ACTIVE.FID3271470]

Case 6:24-cv-06153-FPG   Document 50-5   Filed 05/07/24   Page 3 of 13

Having received screen shots of the Community Bank statements from Mr.Ealy and subsequently, bank statements from Mr Fellows representing Community Bank, I have verified the 3/8/24 though account closure deposit information substantiating the Defendants claim for return of Mott funds. The terms of Mr Burch's email regarding release of funds is acceptable.

Mark R Kercher

Sent from my iPad

> On Apr 18, 2024, at 3:25 PM, Burch, Jr., David G. <dburch@barclaydamon.com> wrote:
>
> Mark,
>
> Five Star Bank, reserving all rights and remedies, will release the $284,147.09 Defendants assert is attributable to credit card receipts on the following conditions:
>
> 1. Ms. Mott and the relevant entity defendants provide immediate authorization to Community Bank's counsel to release bank records sufficient to confirm these receipts are actual credit card receipts from third party customers. FSB will not rely on records created by Ms. Mott or her counsel that are not substantiated by actual Community Bank records that you as Receiver and we as FSB's counsel can review. Note, FSB's position is that the order appointing you as Receiver already provides sufficient authority for Community Bank to release the records, but Ms. Mott and her

  counsel should be providing any assurances needed to Community Bank's counsel to cause the release of the records to confirm their assertions.
2. Release of these funds will only be to you as Receiver and must be deposited in an account to which only you have access.  They should not be provided directly or indirectly to defendants for any reasons.  For purposes of clarity, FSB requires confirmation that defendants or their relatives will not receive these funds in any way, including from payroll payments for "wages."
3. A stipulation signed by you as Receiver, counsel for defendants, and counsel for FSB confirming the following (a) point 2 above; (b) that the funds are being released to provide "working capital" based on your determination that such capital is needed to continue the business operations of defendant entities; (c) that FSB asserts a first priority lien on the funds, (d) that once there is an excess of funds being used as "working capital," a like amount ($284,147) will be segregated and maintained by you as Receiver; and (e) that FSB is reserving all rights and remedies and waiving none by agreeing to this accommodation.

Upon confirmation that these are acceptable to you and counsel for the relevant defendants, we will prepare the stipulation.

Thanks.

David

**David G. Burch, Jr.**

Pronouns: he/him/his

Partner

Barclay Damon Tower  •  125 East Jefferson Street • Syracuse, NY 13202

D: (315) 425-2788 • F: (315) 425-8588 • C: (315) 877-5186

E: dburch@barclaydamon.com

**www.barclaydamon.com**  •  **vCard**  •  **Profile**

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information

is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

---

**From:** Mark Kercher <mottreceiver@gmail.com>
**Sent:** Wednesday, April 17, 2024 8:40 AM
**To:** Burch, Jr., David G. <dburch@barclaydamon.com>
**Cc:** Ealy, David <DEALY@trevettcristo.com>; david@rothenberglawyers.com; michael@rothenberglawyers.com; jfellows@bsk.com
**Subject:** Return of Mott funds from Community Bank

David

As Receiver for the Mott group of companies, I am requesting your client, Five Star Bank, return certain funds received from Community Bank on or about March 28th, 2024. The funds requested aggregate $284,147.09 and represent deposits made into three Mott business accounts between March 8th and March 21st of this year. Such deposits are from customer credit card food and beverage payments and other customer payments for current or future events. These Community Bank deposits were credited to the accounts after the bank froze withdrawal activity. I have attached the detailed listing of credits and compared the credits to the bank statement activity provided by the Defendant's attorney for the time period. I have also requested access to the comparable records maintained at Community Bank. Jonathan Fellows of Bond Schoeneck has acknowledged my request and I am awaiting that information.

The amount by business bank account are as follows:

--Ridgemont        $45,657.36

--Wintergarden     17,387.49

--Monroes          221,302.24

$284,147.09

It is my understanding the total amount transfered to Five Star from these three accounts aggregated $354,800.

From my initial reading of the business and their current cash position, their continuation as a going concern is at significant risk absent these funds.The need is urgent.

Thank you for your consideration, should you have any questions, please do not hesitate to call.

Mark R. Kercher

**FSB v. Mott - Stipulation Releasing Community Bank Funds REDLINE.docx**
39K

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIVE STAR BANK,<br><br>*Plaintiff*,<br><br>v.<br><br>KATHERINE MOTT, ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC; CRESCENT BEACH AT THE LAKE LLC; and MOTT MANAGEMENT LLC;<br><br>*Defendants*. | CASE NO. 6:24-cv-6153-FPG<br><br>CIVIL ACTION<br><br>**STIPULATION** |

WHEREAS, Plaintiff Five Star Bank ("Plaintiff") filed its Complaint against Defendants Katherine Mott ("Defendant Mott"), Robert Harris ("Defendant Harris") KRM Events, LLC, Katherine's on Monroe, LLC, the Divinity Estate and Chapel, LLC, KNC Elegance, LLC d/b/a The Wintergarden by Monroes LLC, NAF Remodeling LLC, Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC and Mott Management LLC ("Defendant Entities") (collectively referred to as "Defendants"), on March 11, 2024 asserting five counts including fraud, Civil RICO, breach of contract, collection on debt, and indemnification (ECF No. 1);

WHEREAS, also on March 11, 2024, Plaintiff filed a motion to appoint a receiver over the Entity Defendants on an expedited basis (ECF No. 3);

WHEREAS, Defendants opposed Plaintiff's motion for the appointment of a receiver (ECF Nos. 25-26) and oral argument was heard before the Court (Hon. Frank P. Geraci) on April 3, 2024;

WHEREAS, pursuant to the Court's Decision and Order dated April 4, 2024 (ECF No. 26), Plaintiff's motion to appoint a receiver was granted and Mark Kercher, CPA ("Receiver") was appointed to serve as the Receiver for the Entity Defendants' financial affairs pursuant to the Court's Order dated April 8, 2024 (ECF No. 39);

WHEREAS, the Receiver determined that the Entity Defendants lacked sufficient capital for continued operation and, as a result, requested that Plaintiff return $284,147.09[1] in funds ("Requested Funds") it received from Community Bank on March 28, 2024;

WHEREAS, Defendants assert that Plaintiff has no legal or equitable rights to claim an interest in the funds that it received from Community Bank on or about March 28, 2024, including but not limited to the Requested Funds; and

WHEREAS, ~~Plaintiff~~ the parties expressly reserve~~s~~ all rights and remedies available to ~~it~~ them under the law;

IT IS NOW HEREBY STIPULATED AND AGREED, by the Receiver and the undersigned attorneys for the respective parties that:

1. Plaintiff's release of the Requested Funds shall be to the Receiver only, and must be deposited in an account to which only the Receiver has access. Defendants shall not be provided, either directly or indirectly, with access to the funds for any reason whatsoever. Defendants expressly agree that no Defendant, or any of Defendants' relatives, shall receive any portion of the Requested Funds in any way, including but not limited to payroll payments in the form of "wages"

---

[1] The Receiver has confirmed that the $284,147.09 originated from customer credit card food and beverage payments and other customer payments for current or future events and were deposited into ~~credited to the~~ business bank accounts at Community Bank, N.A. ~~for~~ in the names of Defendants Ridgemont ($45,657.36), Wintergarden ($17,387.49) and Monroes ($221,302.24). These funds were deposited in the respective Community Bank N.A. accounts after Community Bank N.A. restricted Defendants' access to and/or put a hold on those accounts on or about March 7, 2024.

28181836.1                              2

or otherwise. <ins>This does not prohibit the Receiver from paying wages to the Defendant, or any of Defendants' relatives, from income derived from current operations.</ins>

2. The Requested Funds are being released by Plaintiff to provide the Entity Defendants with necessary "working capital" based on the Receiver's determination that such capital is needed to continue the business operations of the Defendant Entities.

3. ~~Plaintiff shall have a first priority lien on the Requested Funds and Defendants expressly consent to said first priority lien.~~

4.3. Upon the determination by the Receiver that there is an excess of funds being used as "working capital," an amount equal to the Requested Funds (*i.e.,* $284,147.09) shall be segregated and maintained by the Receiver in a separate account.

5.4. Nothing in this Stipulation shall apply to or otherwise affect any other funds provided to Plaintiff from Community Bank or any other financial institution ~~in connection with this action and Defendants expressly release and forever discharge any claim to said funds~~.

6.5. ~~Plaintiff~~ The parties reserve~~s~~ all rights and remedies and waive~~s~~ none by agreeing to this Stipulation.

**Dated:** April 19, 2024

| | |
|---|---|
| **BARCLAY DAMON LLP** | **ROTHENBERG LAW** |
| By: <u>*/s/ David Burch, Jr.*</u><br>    David G. Burch, Jr.<br>    Benjamin Zakarin<br>    Sarah A. O'Brien | By: <u>*/s/ David Rothenberg*</u><br>    David Rothenberg<br>    Michael Rothenberg |
| *Attorneys for Plaintiff Five Star Bank*<br>Office and Post Office Address<br>200 Delaware Avenue, Suite 1200<br>Buffalo, New York 14202<br>Telephone (315) 425-2716 | *Attorney for Defendant Katherine Mott, KRM Events, LLC, Katherine's on Monroe, LLC, the Divinity Estate and Chapel, LLC, KNC Elegance, LLC d/b/a The Wintergarden by Monroes LLC, NAF Remodeling LLC,* |

28181836.1                                   3

dburch@barclaydamon.com
bzakarin@barclaydamon.com
sobrien@barclaydamon.com

**MARK KERCHER, CPA**

By:   */s/ March Kercher*
         Mark Kercher
*Court Appointed Receiver for Defendants KRM Events, LLC, Katherine's on Monroe, LLC, the Divinity Estate and Chapel, LLC, KNC Elegance, LLC d/b/a The Wintergarden by Monroes LLC, NAF Remodeling LLC, Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC and Mott Management LLC*
5090 Old Goodrich Rd
Clarence, New York
(716) 983-6997
mkercher@gmail.com
mottreceiver@gmail.com

*Monroes at Ridgemont LLC, Crescent Beach at the Lake LLC and Mott Management LLC*
Times Square Building
45 Exchange Blvd, Suite 800
Rochester, New York 14614
Phone: (585) 232-1946
david@rothenberglawyers.com

28181836.1                                4

## CERTIFICATE OF SERVICE

  I hereby certify that, on April 19, 2024, I served the foregoing document on all counsel of record via the Court's ECF system.

*/s/ David Burch, Jr.*
David G. Burch, Jr.
