UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FIVE STAR BANK,

                                    Plaintiff,

   -vs-

KATHERINE MOTT, ROBERT HARRIS,
KRM EVENTS LLC, KATHERINE'S ON
MONROE LLC, THE DIVINITY ESTATE
AND CHAPEL LLC, KNC ELEGANCE LLC
d/b/a THE WINTERGARDEN BY
MONROES, 11 WEXFORD GLEN LLC, RCC
MONROES LLC, NAF REMODELING, LLC,
MONROES AT RIDGEMONT LLC,
CRESCENT BEACH AT THE LAKE LLC,
MOTT MANAGEMENT LLC,

                                    Defendants.

No. 24-cv-6153-FPG

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO COMPLY WITH THE ORDER'S ORDER AND TO TURNOVER ASSETS TO THE RECEIVER

Defendant Katherine Mott and the Defendant Entities[1] submit this memorandum of law in support of the defendants' motion to compel plaintiff Five Star Bank to turnover to the Receiver $284,147.09 of assets that the Receiver has determined belong to the Defendant Entities, so that those funds can be used by the Receiver for continued operations, which funds will help to protect and preserve the Entity Defendants' assets and future revenue streams.

In refusing to return assets to the Receiver that the Receiver has determined belong to the Defendant Entities, plaintiff Five Star Bank is violating the Court's Order of April 8, 2024,

---

[1] The term "Defendant Entities" collectively refers to: The KRM Events LLC, Katherine's on Monroe LLC, The Divinity Estate and Chapel LLC, KNC Elegance LLC d/b/a The Wintergarden By Monroes, 11 Wexford Glen LLC, RCC Monroes LLC, NAF Remodeling, LLC, Monroes at Ridgemont LLC, Crescent Beach At the Lake LLC, and Mott Management LLC.

appointing Mr. Kercher as Receiver, and is actively frustrating the Receiver's ability to perform his court-authorized responsibilities. The Court should not permit such conduct, particularly in light of the Bank's initial arguments made in support of its efforts to secure appointment of the Receiver in the first place.

"Federal courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." *Abdi v. McAleenan*, No. 1:17-CV-00721 EAW, 2019 WL 1915306, at *2 (W.D.N.Y. Apr. 30, 2019) (citing *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009) and *Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012) ("[W]hen it comes to a court's enforcement and monitoring of its own orders, the court is the judge and jury.")). Pursuant to this broad discretion and authority, the Defendant Entities respectfully request that the Court enter an order compelling plaintiff Five Star Bank to immediately return $284,147.09 of the Defendant Entities' assets to the Receiver, so that he can use those funds in the performance of his duties.

In its Order appointing the Receiver, the Court granted the Receiver "exclusive dominion and control over all of the financial affairs, including all cash, assets, books and records of the Entity Defendants." ECF No. 39 ¶ 1. This exclusive dominion "vested in and extended to *all* of the Entity Defendants' real property, equitable property, tangible and intangible personal property, interest, or *assets of any nature and wherever located*." *Id*. ¶ 2 (emphasis added). The Court also "obligated [the Receiver] to protect and preserve the Entity Defendants' assets and future revenue streams," *id.* ¶ 5, and "authorized [him] to take any and all actions the Receiver, in his sole discretion, deems appropriate in order to ascertain the amount and location of the Entity Defendants' assets." *Id.* ¶ 7.

As part of the performance of his duties as outlined above, the Receiver has concluded that at least $284,147.09 of the $603,628 that Community Bank N.A. sent to plaintiff Five Star Bank on March 28, 2024, are assets belonging to the Defendant Entities. More specifically, the sum of $284,147.09 was generated by the Defendant Entities' operations after March 8, 2024, when the plaintiff shut off access to defendants' Five Star Bank accounts. Accordingly, based on the plain language of the Court's April 8 Order, the Receiver has been vested with "exclusive dominion and control over" the $284,147.09. Nevertheless, plaintiff Five Star Bank continues to refuse to return that money to the Receiver without any justification whatsoever. To the contrary, and as explained in the Declaration of David Rothenberg filed herewith, the plaintiff has been attempting to use the defendants' funds it received extrajudicially as leverage to secure releases and discharges, for itself, Community Bank, and other unnamed financial institutions.

Plaintiff's current conduct is at odds with its initial arguments in support of its motion for appointment of a receiver, and in particular its representation that it did "not seek to shut down" the Defendant Entities' businesses. Moreover, plaintiff's unjustified refusal to return assets that belong to the Receiver is in direct violation of the very order plaintiff sought from the Court. Indeed, it was plaintiff that requested that the Receiver have "exclusive dominion and control over all of the [ Defendant Entities'] financial affairs, including all [of its] cash, assets, books and records . . .," as well as the authority to "protect and preserve the Entity Defendants' assets and future revenue streams," all of which is language in the draft order plaintiff presented to the Court.

Accordingly, having sought and received appointment of a Receiver, plaintiff cannot now frustrate the Receiver's ability to do his job. The Bank knows that it is in custody and control of assets that the Receiver has (i) determined belong to him as Receiver, (ii) demanded from the Bank

3

on multiple occasions, and (iii) concluded are urgently needed to pay business expenses in his efforts to ensure continued operations of the Defendant Entities and protect future revenue streams.

Furthermore, the Court made clear in its Decision and Order of April 4, 2024, that "[t]he appointment of a receiver is preliminary to a resolution on the merits and is intended to maintain the status quo to prevent further harm to Plaintiff while these thorny issues on the merits are considered and resolved." ECF No. 36. Plaintiff's refusal to return the funds at issue will do just the opposite. Status quo will not be maintained if withholding these funds results in the inability of the Receiver to pay business operating expenses, including delinquent payroll taxes.

WHEREFORE, defendant Katherine Mott and the Defendant Entities respectfully request that the Court enter an order compelling plaintiff Five Star Bank to return $284,147.09 to the Receiver, without strings attached, and grant such other relief as may be just and proper.

Dated: May 7, 2024
Rochester, NY

                                                                     *s/ David Rothenberg*
David Rothenberg, Esq.
Michael Rothenberg, Esq.
ROTHENBERG LAW
*Attorneys for Defendant Katherine Mott*
*and the Defendant Entities*
45 Exchange Boulevard, Suite 800
Rochester, New York 14614
Tel: (585) 232-1946
Fax: (585) 232-4746
Email: david@rothenberglawyers.com
Email: michael@rothenberglawyers.com

To:  David G. Burch, Jr., Esq.
     Benjamin Zakarin, Esq.
     Sarah A. O'Brien, Esq.
     BARCLAY DAMON LLP
     *Attorneys for Plaintiff*
     125 East Jefferson Street
     Syracuse, New York 13202-2078


     Matthew R. Lembke, Esq.
     CERULLI MASSARE & LEMBKE
     *Attorney for Robert Harris*
     45 Exchange Blvd., Suite 925
     Rochester, NY 14614