UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK

<em>Plaintiff</em>,

v.

KATHERINE MOTT; ROBERT HARRIS;
KRM EVENTS, LLC; KATHERINE'S ON MONROE,
LLC; THE DIVINITY ESTATE AND CHAPEL, LLC;
KNC ELEGANCE, LLC d/b/a
THE WINTERGARDEN BY MONROES; 11
WEXFORD GLEN, LLC; RCC MONROES LLC; NAF
REMODELING LLC; MONROES AT RIDGEMONT
LLC; CRESCENT BEACH AT THE LAKE LLC; and
MOTT MANAGEMENT LLC

<em>Defendants</em>.

Case # 6:24-CV-6153-FPG

DECISION AND ORDER

Presently before this Court is Defendants' motion to compel Plaintiff to comply with the Court's order appointing the Receiver on April 8, 2024 ("April 8 Order"). ECF No. 50. Because the April 8 Order does not obligate Plaintiff to take any action whatsoever, the Court does not require a response from Plaintiff to decide this motion. For the following reasons, Defendants' motion is DENIED.

Defendants seek to compel Plaintiff to return $284,147.00 of the $603,628 that it received from Community Bank N.A. on March 28, 2024 to the Entity Defendants. ECF No. 50-6 at 3. According to Defendants, the Receiver has identified that the $284,147.00 "was generated by the Entity Defendants' operations after March 8, 2024, when the plaintiff shut off access to defendants' Five Star Bank accounts," and therefore, are assets of the Entity Defendants. *Id.*

Defendants argue that the April 8 Order obligates Plaintiff to return this money to the Entity Defendants because it granted the Receiver "exclusive dominion and control over all of the financial affairs, including all cash, assets, books and records of the Entity Defendants. . . wherever located." ECF No. 39 ¶¶ 1-2. In Defendants' view, this gives the Receiver exclusive dominion over

1

the $284,147.00 that it has traced to the Entity Defendants' operations even though it is in Plaintiff's possession. Because the Receiver has dominion over these assets, Plaintiff's failure to return the money to the Entity Defendants violates the April 8 Order.

"Federal courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." *Abdi v. McAleenan*, No. 1:17-CV-00721, 2019 WL 1915306, at *2 (W.D.N.Y. Apr. 30, 2019) (citing *Cordius Tr. v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009)); *see also Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012) ("[W]hen it comes to a court's enforcement and monitoring of its own orders, the court is the judge and jury.").

The April 8 Order did not impose any obligation on Plaintiff. Rather, it ordered that "Defendants shall cooperate fully with the Receiver and shall not hinder, thwart or otherwise frustrate the Receiver's powers and duties." ECF No. 39 at 2. The April 8 Order also ordered Defendants to "deliver possession and custody of all cash, assets, accounts, and any other property" to the Receiver. *Id.* No such equivalent order was issued with respect to Plaintiff, so no obligation exists under the April 8 Order that would serve as an adequate basis to compel Plaintiff to do as Defendants request.

Finally, at oral argument on April 3, 2024, Defendants requested, and Plaintiff acquiesced, "to limit the scope of the receiver's authority to managing the financial affairs of the Entity Defendants." ECF No. 36 at 18. The Court, therefore, appointed the Receiver to manage the financial affairs of the Entity Defendants "to maintain the status quo" as of April 8. *Id.* at 10. The intended effect was to prevent further fraud and dissipation of assets by Defendant Mott, not to reach back into the past. Since Defendants argued to retain operational control, to the extent the businesses are operating at a loss, it is Defendants' responsibility to right the ship, not the Receiver.

For the foregoing reasons, Defendants' motion to compel compliance with the April 8

Order is DENIED.


IT IS SO ORDERED.
Dated: May 9, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York