

*Ridgemont* COUNTRY CLUB

3717 West Ridge Road   Rochester, NY 14626-3499
www.rccgolf.com   585-225-7650

June 17, 2024

HON. FRANK P. GERACI, JR.
U.S. COURT DISTRICT JUDGE, WNY NEW YORK
100 State Street
Rochester, NY 14614

Reference: Case 6:24-cv-6153-FPG   5 Star/Mott

Dear Judge, Geraci:

I am the owner of Ridgemont Country Club, the address, business of Monroe's at Ridgemont LLC.  They are the Food & Beverage provider for the club, as a tenant.  That entity is one of the defendants in this case.  The purpose of this letter is to request your understanding of background, and hopefully intervention, to facilitate a professional business-like timely change, departure, of this Katherine Mott asset.

In January she chose to end the lease, for Food & Beverage responsibility of Monroe's, on September 8th at RCC.

With the March 11th complaint, it initially created a very tentative position to the responsibilities and continuous service of that food & beverage operation at the club.

Then, on June 5th, the Receiver's status report, motion highlighted the precarious financial position of all her operations.  Affecting Ridgemont, lack of payment for payroll and sales taxes technically negated the condition of the lease, also.

A contract with a new entity to take over at RCC, and seamlessly, has been in place since February, before the complaint filing.  However, both the anxious replacement tenant and I have no confidence of when they can take over nor what assets and space will be available, to insure Food & Beverage offerings without unanticipated interruption.

Please note the NYS Liquor Authority rules and regulations require Mott's current licenses to be physically turned-in, terminated, submitted, before a new entity can be approved to serve.

I have no control nor influence to even neutralize the likely diminishing product services and quality in the weeks and months ahead, besides the humiliation and embarrassment at and of RCC of the complaint.

My attorney, Anthony Adams of Adams LeClair law, has notified me to be prepared for personal bankruptcy or similar at any time, which would create more legal issues out of my control and damaging to Ridgemont's value.

We are a private club, differing than Monroe's public businesses.  The 350 dues paying members deserve the privileges they pay for.   There is no question I will be badly hurt financially, because of the case itself.  The club, and I, did nothing wrong, but stand to be affected very costly.

Apparently, the receiver doesn't have any responsibility nor obligation for any specific action directive that could assist this situation, RCC's future.  There are alternatives which would eliminate or reduce the money losses and negatives likely to occur, which we can suggest are fair for all.  This letter and request hopefully capture the unique situation, and I ask for worthy consideration.

Jim Cucinelli
Managing Member, RCC New Era LLC
Owner Operator, Ridgemont CC, Ridgemont Properties.

*Jim Cucinelli*



**Ridgemont** COUNTRY CLUB
3717 West Ridge Road
Rochester New York 14626

U.S. COURT DISTRICT JUDGE
JUDGE FRANK GERACI, JR.
100 STATE ST.
ROCHESTER, N.Y. 14614

CASE 6:24-CV-6153-FPG  5 STAR/MOTT