UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIVE STAR BANK,<br><br>         *Plaintiff*,<br><br>v.<br><br>KATHERINE MOTT; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC D/B/A THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINE BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA<br><br>         *Defendants*. | CASE NO. 6:24-CV-06153-FPG<br><br>**DECLARATION OF JOHN G. HORN IN SUPPORT OF FIRST APPLICATION OF HARTER SECREST & EMERY LLP, COUNSEL TO THE RECEIVER, FOR ALLOWANCE OF COMPENSATION** |

JOHN G. HORN, ESQ. declares the following under penalty of perjury:

1. I am a partner of the law firm Harter Secrest & Emery LLP ("HSE"), which pursuant to docket order (ECF Dkt. No. 57), entered by this Court on May 16, 2024 ("Retention Order")[1], has been retained by Mark R. Kercher, CPA, the receiver (the "Receiver") for the Defendant Entities in the above-captioned matter, as counsel to the Receiver.

2. HSE moves the Court (the "Motion") pursuant to the Appointment Order for authorization of payment for HSE's services rendered as counsel to the Receiver during the period May 7, 2024 through May 31, 2024 (the "Compensation Period"). I make this declaration in support of the Motion.

3. During the Compensation Period, HSE billed 42.7 hours for services rendered to the Receiver. A detailed description of the services is rendered to the Receiver by HSE is set forth

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the order appointing the Receiver, ECF Dkt. No. 39.

below. HSE's detailed time records for the Compensation Period are attached hereto as **Exhibit "A"**.

4. <u>Introduction to and Initial Involvement in the Case</u>. On May 7 the Receiver contacted me to talk about retaining the services of HSE as his counsel for the receivership established by the Court in this case. He and I had extensive discussions introducing HSE to the lawsuit, the receivership, and the perilous financial state of the Defendant Entities. Afterward I spoke with Nick Gatto, my colleague who has over thirty years of experience in the practice of insolvency, bankruptcy, workout and restructuring, explained matters to him, and had initial strategizing sessions which included establishment of a litigation team. Thereafter, Nick Gatto had his initial discussions with the Receiver the week of Monday, May 13. In the meantime we reviewed the case docket and the pleadings in the case, particularly those pertaining to the appointment of the Receiver and the efforts by the Defendant Entities to claw back from Five Star Bank ("FSB") monies formerly in their bank accounts which the Defendant Entities disputed (and still dispute) that FSB was and is entitled to. HSE also performed legal research into the role and responsibilities of a receiver appointed in a situation such as this lawsuit. Our firm prepared and filed an application on behalf of the Receiver to retain HSE as his counsel.

5. <u>Advising the Receiver</u>. During the Compensation Period, HSE advised and assisted the Receiver in a number of matters relating to the receivership and the efforts of the Receiver to stabilize the financial condition of the Defendant Entities. At the time of our retention, and to this day, the Receiver's primary concern has been to raise and maintain enough capital for the Defendant Entities to pay creditors, honor preexisting obligations, and cure payroll tax arrearages.

(i) <u>Community Bank Funds</u>. We became aware that prior to our retention the Defendant Entities and the Receiver had made unsuccessful application to Court to recover amounts which were delivered by Community Bank from accounts maintained by the

13779723_1

Defendant Entities at Community Bank to FSB, and that unsuccessful negotiations had been had between the Defendant Entities and FSB for the delivery by FSB of $284,000.00 of such funds to the Receiver to help finance the Defendant Entities' obligations and pay payroll tax liabilities. We reviewed the motion papers and the Court's decision with the Receiver. Thereafter HSE had phone discussions with counsel to FSB and to Community Bank to go over the particulars of the transfer between the banks. HSE, together with the Receiver, also discussed with FSB the perilous financial situation in which the Defendant Entities and the receivership stand.

(ii)     <u>Kinecta FCU Records</u>. HSE worked with counsel to Kinecta Federal Credit Union ("Kinecta FCU"), the counterparty to a number of transactions into and out of the Defendant Entities' accounts at FSB, to obtain account information from Kinecta FCU, including copies of those checks drawn on and those deposited into the Kinecta FCU accounts. We provided brief initial review of these records to the Receiver.

(iii)    <u>Third Party Contacts</u>. We advised the Receiver with regard to responding to contacts from sometimes frustrated customers and vendors of the Defendant Entities.

(iv)    <u>Communications</u>. During the Compensation Period, HSE had numerous phone and virtual conversations and meetings as well as correspondence regarding the above-mentioned with a number of counsel for other parties in interest. These include (i) David and Michael Rothenberg, Defendant Entities' litigation counsel, (ii) David Ealy, Defendant Entities' restructuring counsel, (iii) David Burch and James Milbrand, Five Star Bank's counsel, (iv) Jonathan Fellows, Community Bank's counsel, and (v) Stuart Richter, Kinecta FCU's counsel.

7.      <u>The Initial Receiver's Report</u>. During the Compensation Period, the Receiver prepared a draft of his initial report to the Court. HSE reviewed the draft report and revised and

commented upon the draft as well as the Receiver's proposed financial disclosure, and held several conferences with the Receiver in order to finalize the report. Also, on behalf of the Receiver, HSE reviewed the Receiver's April time records and prepared and filed a first application for compensation for the Receiver and his assistant for accounting matters Amy Snowberger.

8. As this Motion demonstrates, the services that HSE has rendered on behalf of the Receiver have been beneficial to the Receiver and the receivership.

9. HSE, in the ordinary course of its business, maintains computerized time and financial records. Attached to this Application as **Exhibit "A"** are the detailed time records of the actual services performed on behalf of the Receiver during the Compensation Period. The following is a list of the HSE professionals who performed services for the Receiver in this case during the Compensation Period, together with the billing rates negotiated by the Receiver for each professional:

| Partner/Associate | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Gatto, Nicholas | Senior Counsel | $400.00 | 19.10 | $7,640.00 |
| Horn, John | Partner | $475.00 | 16.70 | $7,932.50 |
| Jaoude, Michael-Anthony | Associate | $325.00 | 1.50 | $487.50 |
| Rauh, Hannah M. | Associate | $275.00 | 2.50 | $687.50 |
| | | **TOTAL** | **40.80** | **$16,747.50** |
| **Paraprofessional** | **Position** | **Rate** | **Hours** | **Total** |
| Amplement, Tracy L | Paralegal | $225.00 | 2.90 | $652.50 |
| | | **TOTAL** | **2.90** | **$652.50** |

**PROFESSIONALS TOTAL** $17,400.00

10. Based upon the foregoing, HSE requests approval for compensation for actual, reasonable and necessary services rendered under and pursuant to the Retention Order by HSE to the Receiver during the Compensation Period of **$17,400.00**.

11. HSE incurred no out-of-pocket disbursements during the Compensation Period for which HSE would seek approval.

13779723_1

**WHEREFORE**, pursuant to the Retention Order, for the period May 7, 2024 through May 31, 2024, HSE respectfully requests payment of compensation in the amount of **$17,400.00** on account of actual, reasonable and necessary services rendered under and pursuant to the Retention Order by HSE as counsel to the Receiver.

Dated:  July 2, 2024

HARTER SECREST & EMERY LLP

*/s/ John G. Horn*

John G. Horn, Esq.
50 Fountain Plaza, Suite 1000
Buffalo, New York 14202-2293
(716) 853-1616

Email:  jhorn@hselaw.com

*Counsel to Mark R. Kercher, Receiver*

13779723_1