# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

          *Plaintiff*,

v.

KATHERINE MOTT; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC D/B/A THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINA BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA,

          *Defendants.*

CASE NO. 6:24-CV-06153-FPG

**SECOND MONTHLY ACTIVITY REPORT OF MARK R. KERCHER, CPA, RECEIVER**

Pursuant to the Order appointing Receiver dated April 8, 2024 (Docket No. 39)[1] (the "Receiver Appointment Order"), Mark R. Kercher, CPA, I was appointed Receiver for the Defendant Entities by the United States District Court for the Western District of New York in the above-captioned action ("Lawsuit").

For my second monthly activity report, which covers the period June 1, 2024, through June 30, 2024, I hereby submit the following:

## I. APPOINTMENT OF RECEIVER AND BACKGROUND

1. Effective April 8, 2024, I was appointed Receiver by this Court to, among other things, take immediate control of the financial affairs, including all cash, assets, books, and records of the Defendant Entities.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Receiver Appointment Order.

2.  Among my enumerated powers and duties, I was authorized to make payments and disbursements in the ordinary course of business as needed and proper for the continued operations of the Defendant Entities' businesses.

**II.  RECEIVER'S ACTIVITIES**

A.  <u>Financial Management and Control</u>

3.  The initial April through May period required fairly intense activity around obtaining bank account control, establishing new banking relationships, and reestablishing normal vendor payment protocols. Beginning in June, the day-to-day activity became relatively routine, largely focused on weekly, even daily, cash projections, determination of vendor priorities and authorizing payments based on cash availability.

4.  Operating cash flow improved from increased summer activity in the restaurant venues and special events, such that the Defendant Entities were able to meet payrolls without reducing workforce and to keep all critical food and beverage vendor payments current assuring no disruption in supply. Additionally, all lease obligations, insurances and payroll were kept current during June.  The Defendant Entities were able to accommodate all events previously booked without difficulty.

5.  Routine processes have been established with Defendant Entities' management and staff whereby all disbursements are made only after my documented approval and all invoices are reviewed and maintained in a database established by my assistant. All business activities are accounted for under a separate accounting system maintained by the assistant.

B.  <u>Protect and Preserve Entity Defendant Assets and Future Revenue Streams</u>

6.  On June 21, 2024, the Defendant Entities commenced a lawsuit in the State of New York Supreme Court of Monroe County against Community Bank N.A. ("CBNA")  seeking

13832591_3

damages in the amount of approximately $594,000.00, which sum, according to the complaint, represents the aggregate amounts on deposit with CBNA in accounts maintained by the Defendant Entities as to which CBNA restricted the Defendant Entities' access on March 8, 2024. The Defendant entities allege in the lawsuit that the amounts on deposit at CBNA were thereafter transferred by CBNA to Five Star Bank on or around March 28, 2024. The transferred funds included approximately $284,000.00 of customer receipts generated subsequent to the March 11, 2024 commencement of this Lawsuit, as I discussed in my first monthly Activity Report. I continue to be hopeful that the $284,000.00 will be returned to the Defendant Entities in order to provide the receivership with needed working capital. That said, the litigation was just commenced, which means that, unless there is an early settlement, a near-term recovery of these funds is unlikely.

7. The Defendant Entities currently operate the food and beverage service at Ridgemont Country Club under a lease arrangement. The lease expires August 31 and, under mutual agreement, will not be renewed. The closure of this business is not expected to significantly affect future revenue streams.

C. Other Actions of the Receiver

8. As discussed in my first Activity Report, I requested and received bank statements from Kinecta Federal Credit Union in late May. Additional information was requested in June, which included all electronic images of deposit and withdrawal activity. Having secured Kinecta's consent, I advised counsel for the Defendants and the Plaintiff that the Kinecta information would be made available to the parties upon request.

**III. LIQUIDITY AND WORKING CAPITAL**

9. Since the first activity report, the financial condition has improved. On June 30, a Defendant Entity, Mott Management LLC, closed the sale of two rental houses generating

approximately $576,000 in net proceeds. At closing, the proceeds of sale were wired directly into a Receiver-controlled bank account. The proceeds of the sale have and will be used to eliminate past-due payroll and sales tax obligations, as well as to fund current operating costs.

10. The Defendant Entities have significant borrowed money debt and construction cost obligations outstanding, which will require further restructuring or capital-raising activity in the coming months. The Defendant Entities and their counsel have advised me that they are developing plans to address these obligations.

11. Attached to this report as Exhibit A is an unaudited financial presentation prepared from Defendant Entities' books, records, and other documentation. The financial presentation reflects sources and uses of cash for the period May 16 through June 30, 2024.

## CONCLUSION

12. As noted previously, I have received full cooperation from management of the Defendant Entities and from Five Star Bank, in its capacity as banking institution for the Defendant Entities, for which I am appreciative.

13. Going forward, I anticipate the coming month will see a continuation of relatively stable ordinary-course business activity, coupled with planning activities around capital needs. Should the Court have any questions or concerns in response to this report, I am happy to offer a supplement or to appear before the Court.

Dated: July 16, 2024

Respectfully Submitted,

_____
Mark R. Kercher, CPA, Receiver

13832591_3