# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIVE STAR BANK,<br><br>        *Plaintiff*,<br><br>    v.<br><br>KATHERINE MOTT; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC D/B/A THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINE BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA<br><br>        *Defendants.* | CASE NO. 6:24-CV-06153-FPG<br><br>**THIRD MONTHLY APPLICATION OF RECEIVER MARK R. KERCHER, CPA FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

  MARK R. KERCHER, CPA, declares the following under penalty of perjury:

  Pursuant to the Order Appointing Receiver Over the Defendant Entities (ECF Dkt. No. 39), entered by this Court on April 8, 2024 ("Receiver Appointment Order")[1], I am the Receiver (the "Receiver" or "I") for the Defendant Entities in the above-captioned matter.

  I make this application pursuant to the Receiver Appointment Order for authorization of payment for my services rendered and expenses incurred in my capacity as Receiver during the period June 1, 2024 through June 30, 2024 (the "Compensation Period").

  During the Compensation Period, I billed 41.4 hours for services rendered in my capacity as Receiver. A detailed description of my services is rendered is set forth below. My detailed time records for the Compensation Period are attached hereto as **Exhibit "A"**.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Receiver Appointment Order.

1. <u>Financial Management</u>. The majority of my time continues to be devoted to the financial management of the Defendant Entities, falling within the scope of the appointment, specifically the obligation to protect and preserve the Defendant Entities' assets and future revenue stream. During the Compensation Period, I continued to keep all vendor payments, payroll funding and discharge of other obligations current to the extent possible.

2. <u>Search for Capital</u>.  During the Compensation Period, I worked with counsel for the Defendant Entities to monetize certain assets of the Defendant Entities to provide funds for ongoing business operations and, importantly, to settle unpaid withholding and sales tax obligations. The Defendant Entities arranged for the sale of two rental houses to Katherine Mott's son for approximately $560,000 in the aggregate. The transaction (which closed in July) was to be privately financed by an outside lender, and the funds would be directed to the Mott Management Receiver account.

3. <u>Preparation of Receiver's Report</u>.  During the second half of the Compensation Period I spent significant time drafting and preparing my initial Receiver's Report. In doing so I worked with my assistant Amy Snowberger to finalize a financial presentation to include in the report, as well as additional financial statements for the receivership's use. Because of the importance of this initial report (which was the subject of at least one *Buffalo News* article after it was filed) as to my experiences and assessments from the commencement of the receivership, and given the very public dispute which resulted in this lawsuit, I wanted the initial report to the Court to be straightforward, candid, unbiased, and professional. I held several conferences with my counsel Harter Secrest & Emery LLP ("HSE") where I provided my feedback and comments and made multiple revisions in order to finalize the report.

4.  <u>Retention of Counsel</u>.  After the dismissal of the motion to recover funds from Five Star Bank, I determined it was in the best interest of the receivership for me to retain experienced counsel. I contacted lawyers at Harter Secrest & Emery LLP ("HSE") and familiarized the firm with this matter, and thereafter I made application to the Court retain HSE, which was granted.  I conferred regularly with HSE during the Compensation Period. I worked particularly closely with HSE in drafting and revising the initial Receiver's Report and preparing it for filing with the Court.

5.  <u>Accounting and Financial Due Diligence Matters</u>. During the Compensation Period, my assistant Amy Snowberger and I continued to review the books, records, and other documentation of the Defendant Entities' to understand their financial position. For the initial Receiver's Report, we finalized an unaudited financial reflecting sources and uses of cash for the period April 1 through May 15, 2024.

6.  <u>Communications</u>.  During the Compensation Period, I had numerous phone and virtual conversations and meetings as well as correspondence with many parties in interest.  These people include (i) David Rothenberg and David Ealy, Defendant Entities' counsel, regarding the sale of properties as well as a proposed lawsuit against Community Bank to recover amounts transferred to Five Star Bank, (ii) Leslie Schoenthal and several other employees of the Defendant Entities, (iii) Broadway Advance, the Defendant Entities' receivables lender, (iv) Ridgemont Country Club, landlord of the Defendant Entities, (v) Alliance Payroll, (vi) numerous vendors, and (vii) Katherine Mott.  These communications are noted in my time records.

7.  Under the Receiver Appointment Order, the court authorized $350 per hour as the reasonable for my services rendered as Receiver, and the court also authorized a reasonable fee of $175 per hour for driving and travel time. The total amount for which I request compensation, based on my billable time of 41.4 hours of regular time for actual, reasonable and necessary

services rendered under and pursuant to the Receiver Appointment Order by me as Receiver during the Compensation Period, is $14,140.00**.**

8. Based upon the foregoing, the Receiver requests approval for compensation for actual, reasonable and necessary services rendered under and pursuant to the Receiver Appointment Order by me as Receiver during the Compensation Period of **$14,140.00**.

9. In my capacity as Receiver, I incurred reasonable and necessary out-of-pocket disbursements during the Compensation Period in the total amount of $83.08, as set forth in **Exhibit "A"** attached hereto.

10. Based upon the foregoing, the Receiver requests approval for reimbursement of all of his disbursements during the Compensation Period in the total sum of **$83.08**.

11. Additionally, I respectfully submit to the court for approval the invoice of Ms. Amy Snowberger, CPA for July 2024, a copy of which is attached hereto as **Exhibit "B"**. Pursuant to the Court's docket order entered on May 16, 2024 (ECF Dkt. No. 57), the Court authorized me to retain Ms. Snowberger to assist in the accounting and bookkeeping at a fee of $65 per hour, which the Court deemed a reasonable fee. Ms. Snowberger has provided general bookkeeping services to the receivership and has also assisted me in financial due diligence. During July, Ms. Snowberger billed 107.25 hours of time resulting in a fee for July of $**6,971.25**.

*[Signature page follows]*

**WHEREFORE**, pursuant to the Receiver Appointment Order, for the period June 1, 2024 through June 30, 2024, I respectfully request an order of the Court approving (i) payment of compensation in the amount of **$14,140.00** on account of actual, reasonable and necessary services rendered under and pursuant to the Receiver Appointment Order by me as Receiver, (ii) reimbursement of actual and necessary costs and expenses in the amount of **$83.08** incurred by me in my capacity as Receiver, and (iii) payment of compensation to Amy Snowberger, CPA for the period July, 2024 in the amount of **$6,971.25** on account of actual, reasonable and necessary services rendered for accounting and bookkeeping services to the receivership.

Dated:  August 7, 2024

 

_____
Mark R. Kercher, CPA, Receiver