# EXHIBIT A

MONROE COUNTY CLERK'S OFFICE              THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3900544

Book    Page    CIVIL

Return To:                                No. Pages:  8
RICHARD THOMAS TUCKER

Instrument: COMPLAINT

Control #:       202406111490
Index #:         E2024009706

Date: 06/11/2024

Genesee Construction Service, Inc.        Time: 3:32:45 PM

11 Wexford Glenn LLC
John Does 1-10

Total Fees Paid:                    $0.00

                                          Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

                   JAMIE ROMEO

             MONROE COUNTY CLERK

STATE OF NEW YORK
SUPREME COURT     COUNTY OF MONROE

---

GENESEE CONSTRUCTION SERVICE, INC.,

                Plaintiff,

vs.

11 WEXFORD GLENN, LLC and
JOHN DOES 1-10,

                Defendants.

**VERIFIED COMPLAINT**

Index No.: _____

---

Plaintiff, Genesee Construction Service, Inc. ("Genesee Construction"), by and through its attorneys, Harris Beach PLLC, as and for its Complaint against Defendants, 11 Wexford Glenn, LLC ("Wexford") and John Does 1-10 (collectively referred to as the "Defendants"), states and alleges the following:

### THE PARTIES

1. At all times relevant herein, Genesee Construction was and is a domestic corporation, organized and existing under the laws of the State of New York, with its principal place of business at 7673 Groveland Station Road Dansville, New York 14437.

2. Upon information and belief, at all times relevant herein, 11 Wexford Glenn, LLC was and is a limited liability company, organized and existing under the laws of the State of New York, with its principal place of business at 1100 S. Goodman Street, Suite 2, Rochester, New York 14620.

3. Upon information and belief, John Does 1-10 are fictitious names of lienors and others that may have an interest in the Property (as defined below) and that may become parties to this litigation once their true identities are known.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Wexford by virtue of its conduct of business within the State of New York and the County of Monroe.

5. Venue is proper in this Court based on the location of the real property in Monroe County that is the subject of the mechanic's lien foreclosure action and where the subject construction project is located.

## RELEVANT FACTUAL BACKGROUND

6. Upon information and belief, Wexford is the fee simple owner of the real property situated in the Town of Greece, County of Monroe and State of New York with Tax Identification Number 035.09-1-23 located at 1372 Edgemere Drive, Greece, New York (the "Property"), which is more specifically described in the property description attached hereto as **Exhibit "A"**.

7. On or about December 27, 2023, Wexford entered into a contract with Genesee Construction whereby Genesee Construction agreed to provide the construction and renovation services for the restaurant facility located at the Property commonly referred to as the Cresent Beach Restaurant Project (the "Project") under an amended AIA Standard Form of Agreement A101-2017 (the "Contract").

8. Pursuant to the Contract, Genesee Construction provided materials and services for the construction and related work for the Project to permanently improve the Property: General Construction, Mechanical, Electric, Plumbing and other work as required to renovate and improve a restaurant facility, including the following work: demolition; site work; mold abatement; foundation work; concrete work; steel column repairs; windows; doors; stairs; flooring; framing; insulation; drywall; electric; lighting; plumbing; HVAC; fire protection; mechanical; railings; roofing repairs; bathrooms, office space, loading dock and storage facilities; dining and bar facilities.

9. Genesee Construction duly performed its work and provided labor and materials under the scope of the Contract.

2

10. Genesee Construction's work was for permanent improvement of the Property with the knowledge, consent and request of Wexford.

11. The amount due and owing to Genesee Construction under the Contract is $541,852.11, plus interest thereon.

12. The amount set forth above is a fair and reasonable value for the work, labor and services performed by Genesee Construction on the Project.

13. Wexford failed, refused and/or neglected to pay Genesee Construction the full amount due and owing for the work Genesee Construction completed on the Project, leaving a balance due and owing of $541,852.11, plus interest thereon.

## FIRST CAUSE OF ACTION
(Foreclose Mechanic's Lien)

14. Genesee Construction repeats and realleges each and every allegation as set forth above.

15. Genesee Construction has fully and completely performed all of its obligations under the Contract.

16. Genesee Construction's work under the Contract was duly performed in connection with and actually used for the permanent improvement of the Property and to benefit the Property. The amount of the Lien (as defined below) is for the work performed to permanently improve the Property.

17. Wexford failed to pay to Genesee Construction all amounts due and owing for its work on the Project.

18. Wexford, as owner of the Property, fully accepted and retained the benefit of Genesee Construction's services, and had full knowledge of, and/or consented to, the provision of said services.

19. Genesee Construction's first item of work was performed on or about June 15, 2023 and the last item of work was performed on March 15, 2024.

3

20. On June 7, 2024 and pursuant to the Lien Law of the State of New York, Genesee Construction within eight months after the time when the last services were provided to Wexford, caused to be filed with the Monroe County Clerk's Office, and the same duly entered and docketed therein, a Notice of Lien Mechanic's Lien in proper form claiming a lien in the sum of $541,852.11 (the "Lien"). A copy of the June 7, 2024 Lien is attached hereto as **Exhibit "B"**, the terms of which are incorporated herein by reference.

21. At the time of the execution of the Lien, the Lien set forth the fair and reasonable value for the work, labor and services performed by Genesee Construction on the Project.

22. The Lien was duly served and Proof of Service of said Lien was filed with the Monroe County Clerk's Office. A copy of the Affidavit of Service affirming the service of the Lien is attached hereto as **Exhibit "C"**, the terms of which are incorporated herein by reference.

23. The Lien properly set forth: (1) the name of the owner of the real property and the holder of the property interest against whose interest therein a lien was claimed; (2) the nature of said interest; (3) the name of the party by whom the lienor was employed and to whom the lienor furnished its services; (4) the labor provided and materials furnished; (5) the agreed price and value of the labor provided and materials furnished; (6) a description of the property sufficient for identification; and (7) and all of information required for due compliance with the Lien Law of the State of New York.

24. The Lien has not been paid, and neither the Lien, nor Genesee Construction's claims asserted therein have been waived in whole, or in part.

25. Genesee Construction has no knowledge of any other subsequent liens against the Property.

26. By reason of the foregoing, and by the filing and docketing of the Lien and the affidavit of service of the Lien, Genesee Construction acquired a good, valid, and subsisting lien on the Property.

27. No other proceeding at law or in equity has been brought to foreclose upon the Lien.

4

28. By reason of the foregoing, Genesee Construction is entitled to: (1) a judgment foreclosing the Lien as against the Property, together with applicable interest, and the costs and disbursements of this action; and (2) an Order adjudging and determining the equities of all the parties to this action and determining the validity, extent and priority of the claims and liens that have been and may be asserted herein.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

29. Genesee Construction repeats and realleges each and every allegation as set forth above.

30. Wexford benefitted from Genesee Construction's provision of labor and materials for the Project yet has refused to pay Genesee Construction for the labor and materials in the amount of $541,852.11.

31. As an alternative to the theories of recovery plead herein, principles of equity and good conscience mandate that Genesee Construction is entitled to recover from Wexford the reasonable value of the labor and materials which remain unpaid, estimated to be worth not less than $541,852.11.

32. By reason of the foregoing, Genesee Construction is entitled to a judgment against Wexford in an amount to be determined at trial not less than $541,852.11, together with applicable interest, and the costs and disbursements of this action.

**WHEREFORE**, Genesee Construction respectfully demands judgment against Defendants as follows:

A. On the First Cause of Action, judgment that Genesee Construction has a good, valid and subsisting lien of $541,852.11, together with costs and disbursements and interest thereon, against the Property; adjudging that lien has priority over any other claim of the Defendants against the Property and that Defendants be forever foreclosed of all

equity of redemption or other right, claim or interest in and to the Property; that the Property be sold as provided by and that from the proceeds thereof Genesee Construction be paid the amount that will satisfy Genesee Construction's lien, together with costs and disbursements and interest thereon; that Genesee Construction have judgment for any deficiency that may remain after such payment is made against Wexford; and that, in the case it be determined that Genesee Construction does not have a valid and subsisting lien or that the amounts due and owing to Genesee Construction exceed the value of the lien, that Genesee Construction may have a personal judgment against Wexford for in a sum not less than $541,852.11, plus costs and disbursements and interest thereon and/or a judgment for the amount due and owing to Genesee Construction in excess of the value of the lien, plus interest thereon and the costs and disbursements of this action;

B. On the Second Cause of Action, judgment in favor of Genesee Construction and against Wexford in an amount to be determined at trial not less than $541,852.11, plus interest thereon and the costs and disbursements of this action; and

C. Granting such other and further relief as to this Court may seem just and proper.

Dated: June 11, 2024

**HARRIS BEACH PLLC**

*[signature]*

Richard T. Tucker, Esq.
*Attorneys for Plaintiff*
*Genesee Construction Service, Inc.*
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

314765\4894-5983-1750\

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS.:
COUNTY OF LIVINGSTON         )

LARRY MERLE, being duly sworn, says that deponent is the President of Genesee Construction Service, Inc., the plaintiff herein, that deponent has read the foregoing Verified Complaint, and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true. The reason why this verification is made by deponent is that deponent is the President of Genesee Construction Service, Inc., which is a New York State domestic corporation, and deponent is familiar with the facts and circumstances herein. The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are based upon review of plaintiff's records which are maintained in the ordinary course of business, and discussions with agents and/or officers of plaintiff.

GENESEE CONSTRUCTION SERVICE, INC.

*Larry D Merle, President*

Larry Merle, President

STATE OF NEW YORK            )
                             ) SS.:
COUNTY OF LIVINGSTON         )

On the 11th day of June in the year 2024 before me, the undersigned, a Notary Public in and for said State, personally appeared Larry Merle, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

*Mary Ann Merle*

Notary Public

MARY ANN MERLE
Notary Public, State of New York
No. 01ME6155262
Qualified in Livingston County
Commission Expires November 6, 20 26

7