UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

FIVE STAR BANK,

               Plaintiff,            Case No. 6:24-cv-06153-FPG

v.

KATHERINE MOTT-FORMICOLA; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC; CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINA BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA,

               Defendants.
―――――――――――――――――――――――――――――――

# Reply Memorandum of Law in Further Support of Defendant Taylor Pagano's Motion to Dismiss

**BOND, SCHOENECK & KING, PLLC**
Jeffrey F. Allen, Esq.
Jeremy M. Sher, Esq.
*Attorneys for Defendant*
*Taylor Pagano*
350 Linden Oaks, Third Floor
Rochester, New York 14625
(585) 362-4700
(585) 362-4701 fax
jeffreyallen@bsk.com
jsher@bsk.com

Defendant Taylor Pagano submits this Reply Memorandum of Law in further support of her motion to dismiss the Amended Complaint of Plaintiff Five Star Bank as against her pursuant to Federal Rule 12(b)(6).

**1. Plaintiff Fails to State a RICO Conspiracy Claim against Pagano**

Plaintiff confirms that the Amended Complaint's only non-conclusory allegations against Pagano are that she worked at two companies owned by Defendant Katherine Mott-Formicola and "received over $1.7 million from Defendant Mott and/or the Entity Defendants between December 2022 and February 2024." (*See* Pl.'s Om. Mem. at 5, Doc. No. 92. (citing Am. Compl. ¶¶ 90, 98, Doc. No. 51).) Plaintiff incorrectly contends that it "alleges that Defendant Pagano knew that these funds were illegally obtained and thus participated in the Corrupt Enterprise," but—crucially—cannot cite to any such allegation in the Amended Complaint. (*Id.*) Plaintiff can only cite to its conclusory allegation that "[b]y knowingly receiving, holding, moving, dissipating and concealing the proceeds from Defendant Mott's illegal check-kiting scheme, the Asset Holder Defendants participated in, and acted in furtherance of, the conspiracy and the Corrupt Enterprise." (Am. Compl. ¶ 101 (*cited in* Pl.'s Om. Mem. at 5).) Plaintiff fails to allege any instance of Pagano knowingly performing any of these acts.

Elsewhere, Plaintiff argues that the Amended Complaint "details [the Asset Holder Defendants'] agreement to participate in the corrupt enterprise," but Plaintiff cannot cite to any such "detail" in the Amended Complaint. (Pl.'s Om. Mem. at 4.) Similarly, Plaintiff claims it "alleges that each Asset Holder Defendant separately and individually agreed to participate in the conspiracy" but, again, cannot cite such an allegation in the Amended Complaint. (*Id.* at 8.)

Thus, there is no factual allegation in the Amended Complaint that Pagano knew the funds she received had anything to do with illegal conduct. And there is no factual allegation in the Amended Complaint that Pagano moved, dissipated, or concealed the funds. No matter how Plaintiff characterizes its Amended Complaint, it cannot point to any non-conclusory allegations that Pagano "'knew about and agreed to facilitate' a pattern of racketeering activity," as are required to state a RICO conspiracy claim. *Black v. Ganieva*, 619 F. Supp. 3d 309, 329 (S.D.N.Y. 2022) (quoting *Baisch v. Gallina*, 346 F.3d 366, 377 (2d Cir. 2003)), *aff'd*, No. 22-1254-cv, 2023 WL 2317173 (2d Cir. Mar. 2, 2023).

Because the Amended Complaint alleges so little about Pagano, the RICO conspiracy cases that Plaintiff cites are easily distinguishable and further demonstrate that Plaintiff fails to state a claim against her.[1]

In *Environmental Services, Inc. v. Recycle Green Services, Inc.*, 7 F. Supp. 3d 260 (E.D.N.Y. 2014) (*cited in* Pl.'s Om. Mem. at 4), the plaintiff alleged that the defendant corporation and its owner and officers engaged in a scheme to defraud the plaintiff, a waste oil processing company, and its customers by stealing waste oil from the plaintiff's customers, claiming that the plaintiff had taken the customers' oil without paying for it, and then signing new contracts with the customers. *Id.* at 267-69. The plaintiff supported its allegations "in detail" with documents, "GPS tracking reports and photographs." *Id.* at 272. Here, there are no such allegations against Pagano.

---

[1] In two of Plaintiff's cited cases, the court granted summary judgment to one or more defendants in a RICO action. *See Martin Hilti Family Trust v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 340-44 (S.D.N.Y. 2019); *City of New York v. Chavez*, 944 F. Supp. 2d 260, 269, 278 (S.D.N.Y. 2013) (*both cited in* Pl.'s Om. Mem. at 3). Neither of these cases supports denial of Pagano's motion.

In *Chubb & Son Inc. v. Kelleher*, No. 92 CV 4484(TLM)(RML), 2010 WL 5978913 (E.D.N.Y. Oct. 22, 2010) (Report & Recommendation) (*cited in* Pl.'s Om. Mem. at 4, 6), the court recommended granting summary judgment on a RICO conspiracy claim based on the defendant's sworn admission that he used his insurance adjusting company to submit fraudulent claims and issue bribes. *Id.* at *1, 5. Plaintiff offers no admission from Pagano.

Finally, in *Allstate Insurance Co. v. Valley Physical Medicine & Rehabilitation, P.C.*, No. 05-5934 (DRH)(MLO), 2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009) (*cited in* Pl.'s Om. Mem. at 4, 8), the plaintiff insurer alleged that the defendant doctors used their practices to submit fraudulent bills. *Id.* at *1. The plaintiff not only alleged that the doctors committed mail and wire fraud through their practices, but also pled "factual details as to [their] roles." *Id.* at *7. The Amended Complaint lacks such allegations and details about Pagano.

In each of these cases, the plaintiffs plausibly alleged that individual defendants used their businesses to conduct fraudulent schemes. In contrast, the Amended Complaint alleges nothing more than that Pagano worked for and received funds from Mott or her companies. As a result, Plaintiff fails to state a plausible RICO conspiracy claim against Pagano.

2. **The Court Should Decline Supplemental Jurisdiction as against Pagano**

Plaintiff cites cases confirming that when a federal court grants a pre-answer (or even pretrial) motion to dismiss all federal claims, the court ordinarily declines supplemental jurisdiction over state law claims. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("[O]ur Court has held, as a general proposition, that 'if [all] federal claims are dismissed *before trial* . . . , the state claims should be dismissed as well.'" (alterations in original, quoting *Castellano v. Bd. of Trs.*, 937 F.2d 752, 758 (2d Cir. 1991))); *Hintergerger v. Cath. Health Sys.*, No. 08-CV-952S, 2012 WL 125270, at *13 (W.D.N.Y. Jan. 17, 2012) ("The United States Supreme

3

Court has instructed that courts ordinarily should decline to exercise supplemental jurisdiction in the absence of federal claims. . . . The Second Circuit shares this view . . . ." (collecting cases)) (*both cited in* Pl.'s Om. Mem. at 13). Specifically, when a plaintiff bases federal jurisdiction solely on a RICO claim that is subject to dismissal, courts decline jurisdiction over state law claims in the absence of "extraordinary circumstances or federal policy concerns." *Heinrich v. Dean*, 655 F. Supp. 3d 184, 192 (S.D.N.Y. 2023).

Thus, the question is whether "[t]his case is an exception to the general rule" based on "[p]rinciples of judicial economy, convenience to parties and witnesses, and fairness." *Hintergerger*, 2012 WL 125270, at *14. It is not. Unlike the cases Plaintiff cites, Plaintiff's action is not a "long-pending case[] . . . where discovery [has] been completed, dispositive motions [have] been submitted, and the case [will] soon be ready for trial." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) (*cited in* Pl.'s Om. Mem. at 14); *see also Motorola Credit Corp.*, 388 F.3d at 56 (finding that the district court permissibly retained supplemental jurisdiction where it had "conducted a trial on the merits" and expended "significant (and probably non-duplicable) judicial resources . . . to evaluate the enormous record, to craft findings of fact, and to impose remedies" (internal quotation marks omitted)); *DelleFave v. Access Temporaries, Inc.*, 37 Fed. Appx. 23, 26 (2d Cir. 2002) (finding that the district court permissibly retained state law claims where the court "had presided over the case for more than a year and resolved several motions before" the plaintiff "withdrew his federal claims") (*cited in* Pl.'s Om. Mem. at 13); *Hintergerger*, 2012 WL 125270, at *14-17 (retaining post-removal supplemental jurisdiction following the plaintiffs' withdrawal of their federal claims in order to dismiss the plaintiffs' state law claims with prejudice). It is the opposite: Plaintiff brought this action on March 11, 2024, and did not name Pagano as a Defendant until May 8, 2024, fewer

4

than four months ago. (Doc. Nos. 1, 51.) Each Defendant moved to dismiss, no party has served an answer, and there has been no discovery.

Acknowledging that no precedent supports retaining supplemental jurisdiction at this "motion to dismiss stage," Plaintiff claims that "significant resources have already been expended by both parties, the court and the court-appointed Receiver." (Pl.'s Om. Mem. at 14.) Pagano was not a party to this action when Plaintiff moved for a receiver (Doc. No. 3) or when the Court appointed one. Further, the receivership has nothing to do with Pagano and dismissing state law claims against her would not affect the Receiver in any way. (Pl.'s Om. Mem. at 14.) Finally, Pagano was not a party when Plaintiff moved to expedite discovery (Doc. No. 34) or when the Court denied that motion, noting that the Defendants named at that time had not yet responded to the Complaint (Doc. No. 47 at 2).

In short, the fact that the Court decided pre-answer motions before Pagano was even a party in an action that is still at the pre-answer stage does not constitute "extraordinary circumstances or federal policy concerns" that could warrant retaining supplemental jurisdiction in the absence of a federal claim. *Heinrich*, 655 F. Supp. 3d at 192.

## Conclusion

The Court should dismiss the Amended Complaint as against Pagano.

Dated:  August 30, 2024

**BOND, SCHOENECK & KING, PLLC**

/s/ Jeremy M. Sher
Jeffrey F. Allen, Esq.
Jeremy M. Sher, Esq.
*Attorneys for Defendant Taylor Pagano*
350 Linden Oaks, Third Floor
Rochester, New York 14625
(585) 362-4700
(585) 362-4701 fax
jeffreyallen@bsk.com
jsher@bsk.com

5