UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

                      Plaintiff,                    Case No. 6:24-cv-06153-FPG

                v.

KATHERINE MOTT-FORMICOLA; ROBERT
HARRIS; KRM EVENTS, LLC; KATHERINE'S ON
MONROE, LLC; THE DIVINITY ESTATE AND
CHAPEL, LLC; KNC ELEGANCE, LLC d/b/a THE
WINTERGARDEN BY MONROES; 11 WEXFORD
GLEN, LLC; RCC MONROES LLC; NAF
REMODELING LLC; MONROES AT RIDGEMONT
LLC; CRESCENT BEACH AT THE LAKE LLC;
MOTT MANAGEMENT LLC; KRISTINA BOURNE;
TAYLOR PAGANO; TIMOTHY LAROCCA,

                      Defendants.

# Reply Memorandum of Law in Further Support of Defendant Timothy LaRocca's Motion to Dismiss

**PILATO LAW, PLLC**
David C. Pilato, Esq.
*Attorneys for Defendant*
*Timothy LaRocca*
30 West Broad Street, Suite 100
Rochester, New York 14624
(585) 420-8560
(585) 219-6242 fax
david@pilatolaw.com

## <u>Table Of Contents</u>

Page

I.      Plaintiff Fails to State a RICO Conspiracy Claim against LaRocca…………….. 1

II.     The Court Should Decline Supplemental Jurisdiction as against LaRocca…….. 4

Conclusion………………………………………………………………………….. 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Black v. Ganieva*, 346 F.Supp. 3d 309 (S.D.N.Y. 2022)……………………………………… 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2d. 2007)…..…………………………………………… 2, 3

*ASTI Commc'ns Inc. v. Shaar Fund Ltd.*, 493 F.3d 88 (2009)………………………….…… 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………… 3

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)……………………………………… 4

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)………………………………… 4

*Franco v. Lee*, 316 F.3d 199 (2d Cir.2003)………………………………………………… 4

*Marcus v. AT & T Corp.*, 138 F.3d 46 (2d Cir.1998)………………………………………… 4

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………1, 2

Defendant Timothy LaRocca ("LaRocca") submits this Reply Memorandum of Law in further support of his motion to dismiss the Amended Complaint of Plaintiff Five Star Bank as against him pursuant to Federal Rule 12(b)(6).

### I.    Plaintiff Fails to State a RICO Conspiracy Claim against LaRocca

Plaintiff asserts that its Amended Complaint contains "detailed factual allegations" sufficient to survive a motion to dismiss. (See Pl.'s Om. Mem. at 3.) As to LaRocca, the only actual facts are that he is a natural person residing in or around Rochester, New York, he was employed by Defendant Mott and/or the Entity Defendants, and that he received over $420,000.00 from Defendant Mott and/or the Entity Defendants. (See Pl.'s Om. Mem. at 15.; See Am. Compl. ¶¶ 20, 92.) Plaintiff knows that any payments made to LaRocca were repayments for moneys loaned. That is all they were. LaRocca acted as a lender and he was repaid for loans, period. Plaintiff cites to the Receiver's report that the Entity Defendants had a "longstanding practice of covering vendor payments using personal credit cards," and the Receiver has continued to permit this practice today. (See Pl.'s Om. Mem. at 16, citing Doc. No. 61, ¶¶ 9, 11.) This is not illegal and it does not impute knowledge of any illegality to LaRocca. The borrower-lender relationship will be more fully fleshed out in LaRocca's response to Plaintiff's meritless motion for an order of attachment. (See Doc. No. 93.)

All claims that LaRocca knew funds were illegally obtained and any allegations that LaRocca participated in a so-called Corrupt Enterprise are conclusory, baseless, and defamatory. The Amended Complaint is devoid of any facts to support that LaRocca acted in furtherance of an illegal check-kiting scheme or acted in furtherance of any alleged conspiracy.

In its response papers, Plaintiff concedes that a RICO conspiracy claim needs more than allegations that an individual simply received funds from an alleged RICO enterprise. (See Pl.'s Om. Mem. at 4). Yet Plaintiff fails to point to any well-pleaded allegations that LaRocca knew about or agreed to facilitate a pattern of racketeering activity as required to state a RICO conspiracy claim. *Black v. Ganieva*, 619 F. Supp. 3d 309, 329 (S.D.N.Y. 2022). Again, the Amended Complaint contains only conclusory allegations that LaRocca agreed to participate in the alleged check-kiting scheme and had any knowledge of such a scheme.

As stated in LaRocca's moving papers, Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. Federal law requires that a complaint must allege facts that support a "reasonable inference" that the defendant is "liable for the misconduct alleged." (See Doc. No. 78-1, ¶ 2, citing *Ashcroft v. Iqbal, 556 U.S. 662, 678* (2009).) Allegations that are conclusory do not meet the standard for legal sufficiency. (See Doc. No. 78-1, at 2, citing *ATSI Commc'ns Inc. v. Shaar Fund Ltd., 493 F.3d 88, 99* (2d Cir., 2007).) Factual allegations based on nothing more than speculation deem the complaint defective. See Doc. No. 78-1, at 2-3, citing *ATSI Commc'ns Inc. v. Shaar Fund Ltd., 493 F.3d 88, 99* (2d Cir., 2007).)

Plaintiff states that "[t]he Amended Complaint alleges with significant particularity each Asset Holder Defendants' specific and unique connection to Mott and her businesses, details their agreement to participate in the corrupt enterprise, and explains that Defendant Mott utilized these individuals as 'mules' to move, hide or otherwise dissipate the funds owned via the illegal check-kiting scheme." (See Pl's. Om. Mem at 4.) As to LaRocca, Plaintiff points to its pleading that "Defendant LaRocca, who was previously employed as an executive chef at the Wintergarden by Monroe's, an establishment owned and operated by Defendant

2

Mott and the Entity Defendants, received over $420,000 from Defendant Mott and/or the Entity Defendants between December 2022 and February 2024." (See Pl's. Om. Mem at 6.) Working for someone and receiving money is insufficient to support a reasonable inference that LaRocca is liable for the alleged misconduct. Assigning culpability based on these facts is pure conjecture and speculation, rendering the Amended Complaint as to LaRocca deficient.

Furthermore, Plaintiff's claim that LaRocca, an Asset Holder Defendant, has not provided a legitimate explanation for why Defendant Mott and the Entity Defendants made these payments" is blatantly untrue. (See Pl's. Om. Mem at 9.) Through counsel, LaRocca offered the explanation to counsel for Plaintiff of the buyer-lender relationship at the outset of his involvement in this lawsuit. Later, through counsel, LaRocca offered to provide documents to demonstrate this relationship if Plaintiff was willing to remove him from this lawsuit. Counsel for Plaintiff refused.

Regardless, because the Amended Complaint as to LaRocca contains nothing but bare assertions, legal conclusions, and conclusory allegations, and does not state a claim that is plausible on its face, it should be dismissed. (S*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) The Amended Complaint is not facially plausible because it is devoid of factual content to allow the Court to draw the reasonable inference that LaRocca is liable for the alleged misconduct. (*Twombly*, 550 U.S. at 556.)

## II.      The Court Should Decline Supplemental Jurisdiction as against LaRocca

Plaintiff argues that even if this Court determined Plaintiff has failed to state a plausible RICO claim against Defendants, it should nevertheless retain jurisdiction of the eight state law claims. This argument fails.

The United States Supreme Court has instructed that courts ordinarily should decline to exercise supplemental jurisdiction in the absence of federal claims (See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726) (1966) ("Certainly, if the federal claims are dismissed before trial, the state claims should be dismissed as well.")

The Second Circuit shares this view. Where federal claims are eliminated before trial, the following factors - judicial economy, convenience, fairness, and comity will generally point toward declining to exercise jurisdiction over the remaining state claims (See *Valencia ex. rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003); *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir.1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.")

Here, Plaintiff attempts to put the onus upon the Defendants to articulate how judicial economy, convenience, or comity might be served, while ignoring the following facts: no defendant has answered, no affirmative defenses or counterclaims have been pleaded, no discovery has been conducted, the case is five months old (3 ½ months old for LaRocca), and

4

the only substantive motion decided concerned the appointment of a Receiver that predates LaRocca's involvement in the case.

Plaintiff has failed to articulate why this Court should deviate from the general rule. Thus, this Court should follow Supreme Court and Second Circuit precedent and decline to exercise supplemental jurisdiction in the absence of federal claims.

### Conclusion

The Court should dismiss the Amended Complaint as against LaRocca.


Dated:  August 30, 2024

**PILATO LAW, PLLC**

/s/ David C. Pilato
David C. Pilato, Esq.
*Attorneys for Defendant*
*Timothy LaRocca*
30 West Broad Street, Suite 100
Rochester, New York 14624
(585) 420-8560
(585) 219-6242 fax
david@pilatolaw.com