UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

*Plaintiff*,

v.

KATHERINE MOTT; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC D/B/A THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC; CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINE BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA

*Defendants*.

CASE NO. 6:24-CV-06153-FPG

**FOURTH MONTHLY APPLICATION OF RECEIVER MARK R. KERCHER, CPA FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

MARK R. KERCHER, CPA, declares the following under penalty of perjury:

Pursuant to the Order Appointing Receiver Over the Defendant Entities (ECF Dkt. No. 39), entered by this Court on April 8, 2024 ("Receiver Appointment Order")[1], I am the Receiver (the "Receiver" or "I") for the Defendant Entities in the above-captioned matter.

I make this application pursuant to the Receiver Appointment Order for authorization of payment for my services rendered and expenses incurred in my capacity as Receiver during the period July 1, 2024 through July 31, 2024 (the "Compensation Period").

During the Compensation Period, I billed 39.7 hours for services rendered in my capacity as Receiver. A detailed description of my services is rendered is set forth below. My detailed time records for the Compensation Period are attached hereto as **Exhibit "A"**.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Receiver Appointment Order.

1. <u>Financial Management</u>. The majority of my time continues to be devoted to the financial management of the Defendant Entities, falling within the scope of the appointment, specifically the obligation to protect and preserve the Defendant Entities' assets and future revenue stream. During July, I continued to keep all cash management and vendor bill pay authorization, weekly payroll funding, vendor payments, and other obligations current to the extent possible.

2. <u>Asset Sale to Raise Capital</u>.  On June 30, a Defendant Entity, Mott Management LLC, closed the sale of two rental houses generating approximately $576,000 in net proceeds. At closing, the proceeds of sale were wired directly into a Receiver-controlled bank account. In July, I met with management and counsel of the Defendant Entities regarding the disposition of the sale proceeds. Ultimate, the proceeds of the sale were used to eliminate past-due payroll and sales tax obligations, as well as to fund current operating costs.

3. <u>Preparation of Receiver's Report</u>.  During the Compensation Period I spent significant time drafting and preparing the second monthly Receiver's Report. In doing so I worked with my assistant Amy Snowberger to finalize a financial presentation to include in the report, as well as additional financial statements for the receivership's use. I held several conferences with my counsel Harter Secrest & Emery LLP ("HSE") where I provided my feedback and comments and made multiple revisions in order to finalize the report.

4. <u>Accounting and Financial Due Diligence Matters</u>. During the Compensation Period, my assistant Amy Snowberger and I continued to review the books, records, and other documentation of the Defendant Entities' to understand their financial position. For the second Receiver's Report, we finalized an unaudited financial reflecting sources and uses of cash for the period May 16 through June 30, 2024.

5. <u>Communications</u>. During the Compensation Period, I had numerous phone and virtual conversations and meetings as well as correspondence with many parties in interest. These people include (i) David Rothenberg and David Ealy, Defendant Entities' counsel, regarding the sale of properties, (ii) Several employees of the Defendant Entities, (iii) Ridgemont Country Club, landlord of the Defendant Entities, in matters relating to the termination of the lease, (iv) numerous vendors, and (v) Katherine Mott. These communications are noted in my time records.

6. Under the Receiver Appointment Order, the court authorized $350 per hour as the reasonable for my services rendered as Receiver, and the court also authorized a reasonable fee of $175 per hour for driving and travel time. The total amount for which I request compensation, based on my billable time of 37.7 hours of regular time and 2.0 hours of driving and travel time for actual, reasonable and necessary services rendered under and pursuant to the Receiver Appointment Order by me as Receiver during the Compensation Period, is $13,545.00**.**

7. Based upon the foregoing, the Receiver requests approval for compensation for actual, reasonable and necessary services rendered under and pursuant to the Receiver Appointment Order by me as Receiver during the Compensation Period of **$13,545.00**.

8. In my capacity as Receiver, I incurred reasonable and necessary out-of-pocket disbursements during the Compensation Period in the total amount of $83.08, as set forth in **Exhibit "A"** attached hereto.

9. Based upon the foregoing, the Receiver requests approval for reimbursement of all of his disbursements during the Compensation Period in the total sum of **$83.08**.

10. Additionally, I respectfully submit to the court for approval the invoice of Ms. Amy Snowberger, CPA for August 2024, a copy of which is attached hereto as **Exhibit "B"**. Pursuant to the Court's docket order entered on May 16, 2024 (ECF Dkt. No. 57), the Court authorized me

to retain Ms. Snowberger to assist in the accounting and bookkeeping at a fee of $65 per hour, which the Court deemed a reasonable fee. Ms. Snowberger has provided general bookkeeping services to the receivership and has also assisted me in financial due diligence. During August, Ms. Snowberger billed 74.50 hours of time resulting in a fee of $**4,842.50**.

*[Signature page follows]*

**WHEREFORE**, pursuant to the Receiver Appointment Order, for the period July 1, 2024 through July 31, 2024, I respectfully request an order of the Court approving (i) payment of compensation in the amount of **$13,545.00** on account of actual, reasonable and necessary services rendered under and pursuant to the Receiver Appointment Order by me as Receiver, (ii) reimbursement of actual and necessary costs and expenses in the amount of **$83.08** incurred by me in my capacity as Receiver, and (iii) payment of compensation to Amy Snowberger, CPA for the period August, 2024 in the amount of **$4,842.50** on account of actual, reasonable and necessary services rendered for accounting and bookkeeping services to the receivership.

Dated:  September 12, 2024

_____
Mark R. Kercher, CPA, Receiver