UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

               Plaintiff,               Case No. 6:24-cv-06153-FPG

v.

KATHERINE MOTT-FORMICOLA; ROBERT HARRIS; KRM EVENTS, LLC; KATHERINE'S ON MONROE, LLC; THE DIVINITY ESTATE AND CHAPEL, LLC; KNC ELEGANCE, LLC d/b/a THE WINTERGARDEN BY MONROES; 11 WEXFORD GLEN, LLC; RCC MONROES LLC; NAF REMODELING LLC; MONROES AT RIDGEMONT LLC; CRESCENT BEACH AT THE LAKE LLC; MOTT MANAGEMENT LLC; KRISTINA BOURNE; TAYLOR PAGANO; TIMOTHY LAROCCA,

               Defendants.

# Response in Opposition to Plaintiff's Motion for an Order of Attachment

**PILATO LAW, PLLC**
David C. Pilato, Esq.
*Attorneys for Defendant*
*Timothy LaRocca*
30 West Broad Street, Suite 100
Rochester, New York 14624
(585) 420-8560
(585) 219-6242 fax
david@pilatolaw.com

## **Table Of Contents**

Page

I.    Plaintiff has Failed to Establish Grounds for an Order of Attachment …1

    A.  Plaintiff Has Not Met the Requirements Under CPLR § 6201 ……… 2

    B.  Plaintiff Has Not Proven a Probability of Success on the Merits …… 6

Conclusion ……………………………………………………………………… 9

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308 (E.D.N.Y. 2009)................ 1, 6

*Encore Credit Corp. v. LaMattina*, No. 05 Civ. 5442 (CPS), 2006 WL 148909 (E.D.N.Y.Jan. 18, 2006) ................................................................................................................................. 2

*De Ping Song v. 47 Old Country, Inc.*, No. 09 Civ. 5566, 2011 WL 3846929 (E.D.N.Y. Aug. 30, 2011) ................................................................................................................................. 2

*Dayco Corp. v. Foreign Transactions Corp.*, No. 82 Civ. 3354, 1982 U.S. Dist. LEXIS 10093 (S.D.N.Y. Sept. 30, 1982) ................................................................................................... 5

*In re Hypnotic Taxi LLC*, 543 B.R. 365 (Bankr. E.D.N.Y. 2016)........................................... 6

*DLJ Mortgage Capital, Inc.*, 594 F. Supp. 2d 308 (E.D.N.Y. 2009)...................................... 6

*Musket Corp. v. PDVSA Petroleo*, S.A., 512 F. Supp. 2d 155 (S.D.N.Y. 2007) ................... 6

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482 (S.D.N.Y. 2004).......................................................................................................... 6

*Bank Leumi Trust Co. of New York v. Istim, Inc.*, 892 F. Supp. 478 (S.D.N.Y.1995)............... 6

*Spool v. World v. World Child Int'l Adoption Agency*, 520 F.3d 178 (2d Cir. 2008).............. 7

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004)................... 7

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127-28 (2d Cir. 1994)............................ 7

**Rules and Statutes**

N.Y. C.P.L.R. 6201 ............................................................................................. *passim*

N.Y. C.P.L.R. 6212 ............................................................................................. *passim*

18 U.S.C. § 1962 ................................................................................................ 7

Plaintiff Five Star Bank is seeking to recover $18.9M related to what it calls an elaborate check-kiting scheme. As to Defendant Timothy LaRocca ("LaRocca"), Plaintiff alleges Conspiracy to Violate RICO, Aiding and Abetting Fraud, and Money Had and Received. (See Am. Compl. Counts 8 - 10.) LaRocca is one of four so-called Asset-Holder Defendants, added to the lawsuit in May and pleaded with conclusory allegations that fail to meet the fundamental particularity requirements for a RICO claim based on fraud. Plaintiff now seeks an order of attachment as to all defendants, including LaRocca, arguing in conclusory fashion without the requisite legal or factual support for the extraordinary relief it seeks.

## II.     Plaintiff has Failed to Establish Grounds for an Order of Attachment

Plaintiff seeks an order of attachment under New York law. To obtain such relief, its motion papers must show by affidavit and written evidence: (1) that it has stated a cause of action against a defendant; (2) that there is a probability of success on the merits of the cause of action; (3) that one or more grounds for attachment provided in CPLR § 6201 exist; and (4) that the amount demanded exceeds all counterclaims. (See New York Civil Law and Rules ("CPLR") § 6212(a).)

Given that pre-judgment attachment is a "harsh and extraordinary remedy," (*DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 322–24 (E.D.N.Y. 2009)), plaintiffs bear a "heavy burden" in establishing their right to such relief. The four elements set forth in Section 6212(a) are strictly construed in favor of those against whom attachment is sought. (*See id.* at 319.)

Here, Plaintiff has not established the four § 6212(a) factors. It has failed to meet the requirements under CPLR § 6201 and failed to demonstrate a probability of success on the merits.  For these reasons, Plaintiff's motion should be denied.

### A.  Plaintiff Has Not Met the Requirements Under CPLR § 6201

Here, Plaintiff seeks attachment pursuant to C.P.L.R. § 6201(3). (Pl.'s Mem. at 8.) In order to establish grounds for attachment under C.P.L.R. § 6201(3), Plaintiff must prove both (i) that the defendant has assigned, disposed of, encumbered or secreted his property or removed it from the state, or is about to do any of these acts, and (ii) that the defendant has acted or will act with the intent to defraud the defendant's creditors or to frustrate the enforcement of a judgment that might be rendered in Plaintiffs' favor. (*Encore Credit Corp. v. LaMattina*, No. 05 Civ. 5442 (CPS), 2006 WL 148909, at *3 (E.D.N.Y. Jan. 18, 2006).) Proof that a transfer of assets was undertaken with fraudulent intent is strictly required, and its absence cannot be overcome regardless of the strength of Plaintiffs' showing as to the likelihood of success on the merits. (*De Ping Song v. 47 Old Country, Inc.*, No. 09 Civ. 5566, 2011 WL 3846929, at *2 (E.D.N.Y. Aug. 30, 2011).)

Here, a fraudulent intent analysis is unnecessary because Plaintiff has failed to demonstrate LaRocca has assigned, disposed of, encumbered or secreted any property or removed it from the state, or that he is about to do so. Plaintiff claims, without more, that "[b]etween December 2022 and December 2023, Defendant Mott and the Entity Defendants issued Defendant LaRocca some 26 checks totaling $428,983.63 written from Mott's FSB accounts or the Entity Defendants . . . and that Mott attempted to conceal the true purposes of those checks . . . by causing all but one of those 26 checks to be issued with comments

3

referring to a 'credit reimbursement,' a 'Discovery reimbursement,' or 'Capital One reimbursement.'" (Pl.'s Mem. at 6 - 7.)

As Plaintiff knows, that is exactly what those checks are – reimbursements for moneys loaned. Plaintiff claims that this explanation is "far-fetched and self-serving" and maintains that this Court cannot accept this reason before discovery has been conducted. (See Pl.'s Mem. at 16). Yet, in the same breath, Plaintiff asks this Court to attach LaRocca's assets at this preliminary stage of the case (assets that have not even been identified).

Before continuing with the CPLR § 6212(a) analysis, although not required to do so, LaRocca will elaborate on the borrower-lender relationship and demonstrate that these checks are nothing more than reimbursements. As detailed in the Receiver's report, the Entity Defendants have a longstanding practice of covering vendor payments using personal credit cards. (See Doc. No. 61, ¶¶ 9, 11.) LaRocca was one such individual who was asked to use his personal credit card to cover such payments.

Citing cashflow issues common to restaurants, coupled with the difficulty in securing bank loans in the restaurant industry, Defendant Mott asked LaRocca if he would advance funds using his credit card so that she could pay bills within the respective vendors terms. Defendant Mott promised to pay LaRocca back in a timely fashion.

LaRocca agreed to act as a lender in this capacity. He would permit the use of his personal Discover credit card for Defendant Mott's business expenses, and she would reimburse him for these loans. When the money was loaned, it would show up as a purchase at one of Defendant Mott's businesses, categorized as "Monroes" in LaRocca's Discover card statements. When LaRocca was repaid, the money was transferred or deposited into his personal Canandaigua National Bank & Trust ("CNB") bank account. Defendant Mott

repaid the loans to LaRocca using accounts at Five Star Bank or Kinecta Federal Credit Union.

For the purposes of illustrating this borrower-lender relationship, LaRocca attaches three exhibits to his Affidavit in Opposition. Exhibit A is a true and accurate copy of LaRocca's personal Discover Card credit card statement that details transactions on the card from February 5, 2024 to March 4, 2024. Exhibit B is a true and accurate copy of LaRocca's personal Canandaigua National Bank account from February 4, 2023 to March 3, 2023. Exhibit C contains true and accurate checks from Defendant Mott to LaRocca, repayments for moneys loaned during this time period.

Exhibit A, the Discover Card statement demonstrates that on four Saturdays and four Sundays in February, LaRocca made "Purchases" which were the loan payments to Monroes, one of Mott's businesses. On each of these eight occasions, the loan was for $8,900. Therefore, the total loan for that month was $71,200. This same exhibit proves that "Payments" or reimbursements for the loans were made on five separate dates between February 9 and March 3, totaling $71,600.

Exhibit B, the CNB statement, demonstrates that this bank account was used to pay expenses on the Discover Card. This statement proves that between February 6 and February 27, there were five withdrawals to the Discover Card, totaling $71,400. These withdrawals were funded by Mott's reimbursement checks that were deposited into LaRocca's CNB account between February 9 and March 3, totaling $71,300.

The five reimbursement checks from Mott to LaRocca contained in Exhibit C total $71,300. The checks include:

1. a February 9 check drawn from Kinecta for $10,000;

5

2. a February 10 check drawn from Five Star for $7,800;

3. a February 17 check drawn from five Star for $17,800;

4. a February 24 check drawn from Five Star for $17,800; and

5. a March 3 check drawn from Kinecta for $17,900.

In sum, these five reimbursement checks that were deposited into CNB totaled $71,300 and were used to fund the withdrawals from CNB to Discover Card ($71,400) to pay down the Discover Card ($71,600) for the loans off the Discover Card to Monroes ($71,200). The checks, whether from Kinecta or Five Star are all properly labled as "Discover Reimbursements."

LaRocca was a lender, and Mott a borrower. As stated above, Plaintiff has failed to offer any competent evidence that LaRocca has the intent to defraud or frustrate a judgment. There is no evidence that LaRocca has ever disposed of any assets or intends to do so. *(See, e.g., Dayco Corp. v. Foreign Transactions Corp.,* No. 82 Civ. 3354, 1982 U.S. Dist. LEXIS 10093, at*10 (S.D.N.Y. Sept. 30, 1982) ("proof of assignment, disposition, secretion or removal of property, or a likelihood that any one of these acts is imminent is not enough; proof of an intent to defraud creditors, or intent to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, is an independent prerequisite for attachment under CPLR 6201(3).) Simply stating that all Defendants have a "demonstrated track record of fraudulently concealing or dissipating funds" without any evidentiary support is not competent evidence that demonstrates intent to defraud or frustrate a judgement.

Plaintiff points to no actual or pending transfers or dispositions of assets that would frustrate a judgment in favor of Plaintiff in this action by LaRocca but asks that the danger of this occurring be presumed. Plaintiff claims that the Asset Holder defendants have been

unjustly enriched because they have provided nothing in exchange for the millions of dollars they received. (Pl.'s Mem. at 16.) LaRocca and the other Asset Holder defendants provided something; indeed, they provided money as loans, and then they were repaid for these loans.

Because the record is devoid of evidence that LaRocca has transferred, is about to transfer or has threatened to transfer, any assets with the intention of frustrating a judgment that might be rendered in Plaintiff's favor, it has not demonstrated irreparable harm and has failed to satisfy the statutory prerequisites for an order of attachment under CPLR § 6201(3).

### B.  Plaintiff Has Not Proven a Probability of Success on the Merits

To establish probability of success on the merits under CPLR § 6212(a), a plaintiff must show that it is more likely than not that it will succeed on the merits of its claim. (*See In re Hypnotic Taxi LLC*, 543 B.R. at 372–73 (Bankr. E.D.N.Y. 2016) (*citing DLJ Mortgage Capital, Inc.*, 594 F. Supp. 2d at 319; *Musket Corp. v. PDVSA Petroleo, S.A.*, 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007)). This requires "proof stronger than that required to establish a prima facie case." (*See In re Hypnotic Taxi LLC*, 543 B.R. at 372–73.) However, in evaluating whether this standard has been met, a court must afford the plaintiff the benefit of all legitimate inferences than can be drawn in plaintiff's favor. *Id.* (*citing JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004); *Bank Leumi Trust Co. of New York v. Istim, Inc.*, 892 F. Supp. 478, 482 (S.D.N.Y.1995)).

Subject matter jurisdiction in this civil action is predicated on the civil RICO statute, which requires a violation of 18 U.S.C. § 1962. In a civil RICO action, a plaintiff must establish a pattern of racketeering activity; to survive a motion to dismiss, this pattern must be sufficiently alleged in the complaint; the acts that constitute a pattern of racketeering

activity must be predicate criminal offenses as listed in the RICO statute; and the predicate acts must be related and satisfy the requirement of continuing criminal activity. (*Spool v. World v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183-84 (2d Cir. 2008).)

As discussed in LaRocca's motion to dismiss papers, all allegations of fraudulent predicate acts are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178-79 (2d Cir. 2004).) Furthermore, the civil RICO plaintiff must allege facts that give rise to a strong inference of fraudulent intent on the part of each defendant (*Id.*) In considering the requirement of continuity of the predicate acts, the courts are required to "evaluate the RICO allegations with respect to each defendant individually." (*Id.* at 180.) In this regard, the court should determine which predicate acts, if any, have been alleged with particularity against each specific defendant at issue, and then determine whether those predicate acts extend over a sufficiently long period of time as to each such defendant to satisfy the requirements of continuity. (*Id.* at 180-82.)

Where multiple defendants are named in a fraud complaint, the complaint must set forth separately the specific acts relied upon as to each defendant. A complaint that lumps the defendants together in vague allegations without specifying the acts committed by each particular defendant is insufficient. Moreover, to properly allege scienter, the complaint must set forth a factual basis sufficient to give rise to a strong inference that each defendant possessed the requisite fraudulent intent. (*See, e.g., Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127-28 (2d Cir. 1994).)

Applying the principles set forth above to LaRocca, it is abundantly clear that Plaintiff has utterly failed to state a RICO claim with particularity and the requisite continuity against

LaRocca. Instead, in conclusory fashion, Plaintiff states that "the Asset Holder Defendants repeatedly accepted and deposited vast sums of money over a relatively short period of time that they knew were not the property of Mott or the Entity Defendants" and "[b]y 'fronting' the purported 'business expenses' for Mott [and] her businesses and thereafter accepted kited funds as 'reimbursement,' the Asset Holder Defendants knowingly joined and furthered the corrupt enterprise." (Pl.'s Mem. at 13.)

Plaintiff's motion papers fail to cure the fundamental defects in the Amended Complaint, let alone show that it is likely to succeed in establishing that LaRocca engaged in a pattern of racketeering activity. Yes, LaRocca received money. The money is, as stated on the checks, reimbursement for money loaned. Plaintiff's motion papers utterly fail to make any evidentiary showing that LaRocca knowingly and willfully participated in fraud. Plaintiff has failed to make the requisite evidentiary showing that LaRocca knew of any fraud, had any intent to commit fraud, or participated in any fraud. Instead, again, Plaintiff relies simply on speculation, suspicion and innuendo.

LaRocca was, simply, repaid for loans. Plaintiff does not and cannot submit evidentiary facts that meet its burden of establishing its contentions of fraud, and certainly has not established a probability of success on the merits.

## Conclusion

Plaintiff has not established the four CPLR § 6212(A) factors. It has failed to meet the requirements under CPLR § 6201 and failed to demonstrate a probability of success on the merits. Therefore, Plaintiff's motion for an order of attachment should be denied.

Dated:  September 13, 2024

**PILATO LAW, PLLC**

/s/ David C. Pilato
David C. Pilato, Esq.
*Attorneys for Defendant*
*Timothy LaRocca*
30 West Broad Street, Suite 100
Rochester, New York 14624
(585) 420-8560
(585) 219-6242 fax
david@pilatolaw.com