UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIVE STAR BANK,

—vs—

KATHERINE MOTT, *et al*

        *Defendants.*

24-CV-06153-FPG

ROBERT HARRIS'S
MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTACHMENT

### INTRODUCTION

The plaintiff's motion for attachment of Robert Harris's assets or property must be denied for three principal reasons: (1) the plaintiff has failed to state a valid claim for money judgment against Harris; (2) even if it could survive the pleading stage of the case, the plaintiff has failed establish by affidavit or other written evidence that it will probably succeed on the merits of its case against Harris; and (3) the plaintiff has failed to establish by affidavit or other written evidence both (a) that Harris assigned, disposed of, encumbered, or secreted his property, or removed it from the state, or is about to do so; and (b) that he has acted or will act with the intent to defraud his creditors or to frustrate the enforcement of a judgment that may be rendered against him by the plaintiff.

### PLAINTIFF HAS FAILED TO ESTABLISH THAT IT IS ENTITLED TO PRE-JUDGMENT ATTACHMENT UNDER NEW YORK LAW

In federal court attachment is available "under the law of the state where the court is located ... to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64. The grounds for attachment under New York law are set out in C.P.L.R. § 6212, which requires that parties seeking attachment demonstrate by affidavit or

other written evidence: (1) that there is a cause of action; (2) that it is probable that the plaintiff will succeed on the merits; (3) that one or more grounds for attachment provided in C.P.L.R. § 6201 exist; and (4) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. C.P.L.R. § 6212.

Pre-judgment attachment is a "harsh and extraordinary remedy." *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 322–24 (E.D.N.Y. 2009). This is why the plaintiff bears a "heavy burden" in establishing its right to attachment. *Bernard v Lombardo*, 2016 US Dist LEXIS 177620, at *11 (SDNY Nov. 23, 2016). This is also why "the four elements set forth in [C.P.L.R. §] 6212 (a) are strictly construed in favor of those against whom attachment is sought." *Skyline Steel, LLC v PilePro, LLC*, 2015 US Dist LEXIS 114038, at *6 (SDNY Aug. 27, 2015, No. 13-CV-8171 [JMF]); accord *Fratelli Italiani, LLC v Mironova*, 2019 US Dist LEXIS 127796, at *20-21 (SDNY Apr. 11, 2019) (describing pre-judgment attachment as an "extraordinary remedy"); *Bollenbach v Haynes*, 2018 US Dist LEXIS 239449, at *4 (SDNY May 29, 2018, No. 18cv997) ("attachment is a 'harsh' remedy that must be 'construed narrowly in favor of the party against whom the remedy is invoked'").

The district court's decision to order pre-judgment attachment is discretionary and the court may deny attachment even where the plaintiff has established grounds for attachment under C.P.L.R. § 6212 (a) and C.P.L.R. § 6201. *Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 221 (2d Cir. 2006).

<u>PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST HARRIS
UPON WHICH IT IS LIKELY TO SUCCEED ON THE MERITS</u>

The first two elements the plaintiff must satisfy for pre-judgment attachment are that: (1) it has a claim for money damages; and (2) that it is probable that it will succeed on the merits of its cause of action. C.P.L.R. § 6212 (a).

Harris has filed a motion to dismiss the plaintiff's amended complaint, in which he details the multitude of reasons why plaintiff has failed to state a legally sufficient claim for money damages against him under Rule 12 (b) (6) and Rule 9 (b) (ECF Doc. Nos. 75, 75-1, 75-2, and 101). Harris incorporates the arguments detailed in his motion to dismiss the amended complaint as if fully set forth herein.

In summary, four of the five causes of action against Harris (the claims for fraud, substantive civil RICO, RICO conspiracy, and aiding and abetting fraud) fail to allege facts sufficient to state a claim against him under Rule 12 (b) (6). Three of these four claims (fraud, substantive civil RICO, and aiding and abetting fraud) are legally insufficient on a related basis, which is that they are premised on allegations of fraud and, as a result, must be analyzed under the heightened pleading requirements or Rule 9 (b). The allegations of these causes of action are insufficient to satisfy Rule 9 (b) particularity requirements and must be dismissed on this basis. Furthermore, the fifth and final cause of action against him (for money had and received) should be dismissed on the grounds that the Court, having been required to dismiss the other causes of action against Harris under Rules 9 (b) and 12 (b) (6),

should refuse to exercise supplemental jurisdiction over this purely state law claim. *See,* ECF Doc. Nos. 75, 75-1, 75-2, and 101.

To state it plainly, not only has plaintiff failed to establish that it will probably succeed on the merits of its claims against Harris, but it has failed to even allege a valid cause of action to survive Harris's motion to dismiss the case against him under Rule 12 (b) (6).

There is nothing in the plaintiff's instant motion papers that provide the Court with anything different from what plaintiff has alleged in its amended complaint and its opposition to Harris's motion to dismiss.

In the instant motion, plaintiff is relying on two alleged "facts" about Harris: (1) that he received about $1.5 million from Mott, or the Entity Defendants, or both between December 2022 and February 2023; and (2) that he is married to Katherine Mott[1] (ECF Doc. No. 93-11, p. 6).  In support of its motion, the plaintiff has offered seven items of information[2]: (1) a few bank statements and some checks apparently written by defendant Mott (ECF Doc. No. 93-5 through 93-10); (2) the affidavit of a summary witness concerning these bank statements and checks (ECF Doc. No. 93-4); (3) the affidavit of its attorney referencing an exhibit that has nothing to do with Harris or this case (ECF Doc. No. 93-1); (4) references to the Court's decision on its

---

[1] To illustrate the impotence of plaintiff's "evidence" in support of this motion (and its case in general), its alleged "fact" that Mott and Harris are married cannot be proven—because Mott and Harris are not, in fact, married).
[2] We refer to these as "items of information" because we do not believe that all seven of these categories of information constitute "evidence" sufficient to obtain pre-judgment attachment as contemplated under C.P.L.R. Article 62.

motion for a receiver (ECF Doc. No. 36); (5) references to plaintiff's amended complaint (ECF Doc. No. 51); (6) an affidavit of Michael Jozwiak (ECF Doc. No. 31); (7) and the receiver's monthly activity report from June 2024 (ECF Doc. No. 61).

As it relates to Harris, the sum and substance of these documents establish nothing other than his receipt of Five Star Bank cashier's checks into his Canandaigua National Bank account. They do not provide any evidence about the purpose of these transactions; they do not provide any evidence that Harris's receipt of this money was done with the intent to defraud any person or entity; nor do they provide any evidence that Harris had knowledge of any alleged check-kiting scheme.

In order to satisfy the first element of C.P.L.R. § 6212 (a), the plaintiff is, in our view, required to do more than make a demand for money damages. The plain language of CPLR § 6212 (a) requires the plaintiff to establish not simply that it has asked for money damages in its complaint. Rather, C.P.L.R. § 6212 (a) requires "that there <u>is</u> a cause of action" (underlining added for emphasis). This should be strictly construed to mean that the plaintiff must have a legally valid cause of action for money damages under Rule 12 (b) (6). *See, e.g. Skyline Steel, LLC v PilePro, LLC*, 2015 US Dist LEXIS 114038, at *6 (SDNY Aug. 27, 2015, No. 13-CV-8171 [JMF]) (motion for attachment denied because movant failed to establish "that there is a cause of action for a money judgment upon which it is likely to succeed on the merits").

Based on this, the plaintiff has failed to meet is "heavy burden" necessary to establish the first two required elements for entitlement to pre-judgment attachment under C.P.L.R. § 6212 (a)—that it has a valid cause of action against Harris for money damages, and—even if it had—that it is probable it will succeed on the merits.

Plaintiff's motion for attachment must be dismissed on these bases alone.

<u>PLAINTIFFS HAVE NOT MET THE REQUIREMENTS FOR ATTACHMENT UNDER CPLR § 6201, SUBD. 3.</u>

The third element the plaintiff must prove is that one or more of the grounds set forth in C.P.L.R. § 6201 exist.  C.P.L.R. § 6212 (a).

Here, plaintiffs seek attachment of Harris's assets and property under C.P.L.R. § 6201, Subd. 3 (ECF Doc. No. 93-11, p. 8).  To prevail on this ground, plaintiff must prove both: (1) that Harris assigned, disposed of, encumbered or secreted his property or removed it from the state, or is about to do any of these acts; and (2) that he has acted or will act with the intent to defraud his creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor.  *Encore Credit Corp. v LaMattina*, 2006 US Dist LEXIS 2935, at *8 (EDNY Jan. 18, 2006, No. CV-05-5442 [CPS]).

The burden is on the plaintiff to show that the grounds for attachment exist. *Asdourian v. Konstantin*, 50 F. Supp. 2d 152, 158 (E.D.N.Y. 1999).

As to the first element, plaintiff has not even alleged—much less attempted to prove—that Harris actually transferred or disposed of any of his assets or property, which is fatal to plaintiff's motion here. This argument and the law in support of it is comprehensively set for in the memorandum of law submitted by defendant Pagano (ECF Doc. No. 105, p. 3 of 5). Harris joins in the argument set forth by Pagano in this regard.

As to the second element, proof that the transfer of assets was undertaken <u>with fraudulent intent</u> is <u>strictly required</u>, and its absence cannot be overcome regardless of the strength of plaintiffs' showing as to the likelihood of success on the merits. *De Ping Song v 47 Old Country, Inc.*, 2011 US Dist LEXIS 96921 (EDNY Aug. 30, 2011, No. CV 09-5566). Evidence of the disposition of property is insufficient to justify attachment; rather "<u>fraudulent intent must be proven, not simply alleged or inferred, and the facts relied upon to prove it must be fully set forth in the moving affidavits</u>." *Abacus Federal Sav. Bank v. Lim*, 8 A.D.3d 12, 13 (1st Dep't 2004) (underlining added for emphasis; see also *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 331-32 (2d Cir.1983) ("it is incumbent upon [the plaintiffs] to demonstrate that the defendant is acting with intent to defraud").

The existence of an actual intent to defraud is never presumed and not lightly inferred. *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326, 331 [2d Cir.1983]). Moreover, "[t]he fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough. It must appear that such fraudulent intent really existed in the defendant's mind." *Computer*

*Strategies, Inc. v. Commodore Bus. Machs. Inc.*, 105 A.D.2d 167, 173 (2d Dep't 1984) (underlining added for emphasis; *Greuner Med. of NJ PC v Brown*, 2017 US Dist LEXIS 142185 (EDNY Sep. 1, 2017, No. 17-CV-04569 [AMD] [PKC]); *DLJ Mortgage Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 319 (E.D.N.Y. 2009). In Harris's case, the information set forth in plaintiff's motion for attachment does not, in our view, even raise to the level of a "suspicion" that Harris engaged in any conduct with the "intent to defraud" anyone.

To determine whether such intent to defraud exists, courts often consider the presence of "badges of fraud," which may include the following: (1) a close relationship between the parties involved in the transfer or transaction; (2) secrecy in the transfer; (3) a questionable transfer not in the usual course of business; (4) gross inadequacy of consideration; (5) the transferor's knowledge of the creditor's claim and the transferor's inability to pay it; (6) the use of fictitious parties; and (7) the retention of control of the property by the transferor after transfer. (*Greuner Med. of NJ PC v Brown*, 2017 US Dist LEXIS 142185 [EDNY Sep. 1, 2017, No. 17-CV-04569 (AMD) (PKC)])

Plaintiffs argue that five "badges of fraud" are present here (ECF Doc. No. 93-11, p. 18), yet in actuality, as it relates to Harris—and to be charitable—there is at best one: a close relationship between the parties involved in the depositing of the Five Star Bank cashier's checks into Harris's account. As to the other "badges of fraud": the transactions were certainly not secret—especially considering that Five Star Bank itself issued the cashier's checks; the evidence establishes that the

issuance of Five Star Bank cashier's checks multiple times per week were the ordinary course of business of the entities for over a year; the checks were issued for adequate consideration (specifically considering that Five Star Bank drew the cashier's checks against its own funds and guaranteed payment of the instruments); there is no evidence that Harris had any knowledge that the accounts from which these cashier's checks were drawn did not have sufficient funds available, or that the transactions were related to any sort of unlawful or fraudulent activity (in fact, as we have argued in our motion to dismiss, the fact that instruments deposited into his account were Five Star Bank cashier's checks at least permits him to infer that the check were drawn against sufficient funds and were legitimate financial transactions); there were no fictitious parties used; and there is no evidence that the transferor (whether the transferor is Five Star Bank, Mott, or one of the Entity Defendants) retained control over the funds after the transfer.

### PLAINTIFF HAS FAILED TO IDENTIFY ANY SPECIFIC ASSET OR PROPERTY IT INTENDS TO ATTACH

Finally, we think the Court should consider that conspicuous by its absence in the plaintiff's motion is any attempt to identify a single specific attachable asset in which Harris has an interest. Stated another way, the plaintiff is asking this Court to issue a blanket pre-judgment order of attachment for all of Harris's property—without any specificity as to the existence or location of any such property—and without any showing that Harris has any such assets or property, or that he has assigned, disposed of, encumbered, or secreted, or removed it from the state, or that he is about to do so. The Court should not grant such a broad order of

attachment in any case—much less in this case, in which the plaintiff's motion papers are so clearly inadequate to establish its entitlement to such a remedy.

### REQUEST TO JOIN IN CO-DEFENDANT'S ARGUMENTS

We respectfully request that the Court permit Harris to join in and incorporate the legal arguments made by his co-defendants into this memorandum in opposition to the extent they are consistent with Harris's position herein.

### CONCLUSION

WHEREFORE, defendant Robert Harris respectfully requests that the Court deny plaintiff's motion for attachment in its entirety, and that the Court grant such other relief as may be just and proper.

DATED: September 13, 2024

*s/Matthew R. Lembke*

_____
Matthew R. Lembke
CERULLI MASSARE & LEMBKE
*Attorney for Robert Harris*
45 Exchange Blvd., Suite 925
Rochester, NY 14614
Telephone: [585] 454-3323
matt.lembke@cmllawfirm.com