UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FIVE STAR BANK,

                                      Plaintiff,

                                      Case # 24-CV-6153-FPG

v.

                                      DECISION & ORDER

KATHERINE MOTT-FORMICOLA, et al.,

                                      Defendants.
_____

On December 4, 2024, the Court directed the parties to file briefs "on the issue of whether this civil matter should be stayed pending the resolution of Mott-Formicola's criminal proceeding." ECF No. 129 at 1. The parties have timely filed their briefs. Defendant Mott-Formicola, and her related defendant-entities, support the imposition of a stay. ECF No. 136. Similarly, the other defendants argue that, assuming the pending motions to dismiss are not granted in their favor, a stay is warranted. ECF Nos. 132, 133, 134, 139. Plaintiff opposes a stay. ECF No. 138.

Having reviewed the submissions, the Court concludes that a brief stay pending further developments in the related criminal proceedings is appropriate, except that the receivership shall remain in place under the terms previously ordered.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal brackets omitted). Accordingly, "[f]ederal courts have [the] discretionary authority to stay all or part of a civil proceeding pending the completion of parallel criminal prosecutions if the

interests of justice so require." *Heany v. Cosmo*, No. 09-CV-757, 2010 WL 11629647, at *7 (E.D.N.Y. Apr. 19, 2010). District courts in this circuit have "utilized a six-factor balancing test" in deciding whether to exercise their discretion to stay a case:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99. This test acts as a "rough guide for the district court as it exercises its discretion," but it need not be mechanically applied to "churn[] out" a result in a particular case. *Id.* Ultimately, "the district court's studied judgment as to whether the civil action should be stayed [must be] based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.*

Considering the circumstances before it, the Court concludes that a stay is appropriate. The Court's primary concern is the extent to which "continuing th[is] civil proceeding" will unduly burden Defendants' constitutional rights in connection with any present or future criminal proceeding. *Id.* at 97; *see also id.* at 97-98 (explaining the prejudice that a defendant may suffer due to parallel civil and criminal proceedings). Although Mott-Formicola has pleaded guilty to charges relating to the same check-kiting scheme that forms the basis of Plaintiff's complaint,[1] the criminal charges differ from the civil action insofar as the former do not allege a multi-defendant conspiracy. This is a significant distinction, as it means that Plaintiff's claims of conspiracy have not, criminally, been fully resolved as to any defendant.

To Plaintiff, this fact means that any "Fifth Amendment risk" to Defendants is "entirely remote and speculative." ECF No. 138 at 13 (internal quotation marks omitted). The Court

---

[1] *Compare* ECF No. 51 at 2, *with* No. 24-CR-6161, ECF No. 3 at 3.

disagrees. If Plaintiff's allegations are to be believed, one of the key participants in a yearslong financial conspiracy has been criminally charged. While that participant has only explicitly admitted to certain individual actions that she took in relation to the scheme, her admissions are "merely the tip of [the] iceberg" of an allegedly greater conspiracy. *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). It is thus not speculative to infer—again, if Plaintiff's allegations are to be believed—that the uncharged conspiracy is now "in the Government's crosshairs." *ICD Capital, LLC v. Codesmart Holdings, Inc.*, No. 14-CV-8355, 2015 WL 14023658, at *2 (S.D.N.Y. Aug. 21, 2015); *see also* ECF No. 132-1 at 5 (brief for Defendant Timothy LaRocca) (stating that Mott-Formicola's guilty plea "suggests [that] if the investigation is ongoing, it is at an advanced stage"). Indeed, Defendant Bourne notes that she and other individuals associated with Mott-Formicola have been contacted by federal investigators. *See* ECF No. 139 at 14. "There is no question that a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment," *Sterling*, 175 F. Supp. 2d at 577, and the Court finds that the present circumstances present a sufficiently salient risk of "interference with [the individual defendants'] constitutional rights" to weigh in favor of a stay. *Louis Vuitton*, 676 F.3d at 97.

More broadly, the Court is concerned that continued civil proceedings will interfere with the "integrity of [any] pending criminal investigations." *S.E.C. v. Downe*, No. 92-CV-4092, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993). As Defendant Bourne points out, "it is possible that some individuals, including defendants in this civil case, may have elected to meet with and potential cooperate with the US Attorney's Office as witnesses or potential targets of investigation. It is also possible that some individuals . . . may be weighing whether to engage in that process or not." ECF No. 139 at 16. Given the overlap between Mott-Formicola's charges and this civil

action, the Court finds weighty Defendant Bourne's observation that there are "legitimate concerns" that the "pursuit of the civil case" may affect the other defendants' "decision-making" related to any such cooperation or involvement in any criminal investigation. *Id.* at 16-17.

Finally, the conservation of resources weighs in favor of a stay. Despite being in its early stages, this civil action has demanded a substantial amount of time, effort, and resources on the part of the parties, attorneys, and the Court. *See, e.g.*, ECF No. 136 at 2. Yet, prior to Mott-Formicola's plea, Plaintiff faced a long procedural path to obtaining and collecting on a judgment against Mott-Formicola: no answers had been filed, no discovery had been conducted, no summary-judgment rulings had been rendered, and no trial had been held. With Mott-Formicola's plea, Plaintiff has not only secured Mott-Formicola's agreement to repay the entirety of its loss, it has avoided the time and expense associated with the civil action, and it will now enjoy the assistance of the government in securing assets and collecting the owed restitution.[2] *See* No. 24-CR-6161, ECF No. 3 at 9-12. As a general matter, it would involve a needless duplication of effort to maintain parallel civil and criminal actions that would yield the same results for a civil plaintiff.

Granted, Plaintiff's requested relief in the civil matter is broader than that to which it is presently entitled in the criminal proceedings. In this civil action, Plaintiff seeks reimbursement for its losses *as well as* treble damages and attorneys' fees against Mott-Formicola, the uncharged individual defendants, and the uncharged entity-defendants. Plaintiff undoubtedly has a strong interest in the "speedy resolution of [those] claims." ECF No. 138 at 6. Still, as Mott-Formicola's plea illustrates, any related criminal proceedings may significantly streamline this civil action, whether that be through resolving particular claims or through settling certain factual and/or legal disputes. That prospect favors a stay. And so long as that stay is of a brief duration, the prejudice

---

[2] The government has already obtained a preliminary order of forfeiture in the criminal matter. No. 24-CR-6161, ECF No. 7.

4

Plaintiff suffers from a delay will be modest given what may well be a lengthy civil proceeding ahead.

For these reasons, the Court hereby directs the Clerk of Court to stay this matter pending further court order. The parties shall file a <u>joint</u> status report on July 7, 2025, in which they summarize the status of Mott-Formicola's criminal proceedings and, if known, any other related criminal investigation or proceeding. The Court will thereafter assess whether to lift the stay. The Court declines to address the outstanding motions prior to the imposition of the stay. Notwithstanding the stay, however, the receivership remains in full force and effect under the same terms previously ordered.

IT IS SO ORDERED.

Dated: January 8, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York